[S. F. No. 1252.   Department Two.—April 5, 1900.]

128 335
138 658

A. W. REAY, Respondent, v. GEORGE HEAZELTON, Executor, etc., Appellant.

APPEAL — SUBSTITUTION OF PARTIES — REPRESENTATIVE OF DECEASED PERSON—SUBSTITUTION IN SUPERIOR COURT—QUESTION OF COSTS.— The substitution of the representative of a deceased person as a party to an action pending an appeal to the supreme court ought regularly to be followed by a like substitution, upon a proper showing, in the superior court, in order properly to determine the responsibility for the costs upon appeal.

ID.—ACTION FOR COSTS ON APPEAL AGAINST REPRESENTATIVE OF SUBSTITUTED EXECUTRIX—STATUTE OF LIMITATIONS.—An action to enforce the payment of costs upon appeal awarded against the executrix of a deceased person substituted for such deceased person as

a party to the action pending an appeal, brought two years after her death against her personal representative, and eight years after the decision of the appeal and filing of the cost bill, is barred under section. 336, subdivision 1, of the Code of Civil Procedure.

ID. — REPRESENTATIVE UNABLE TO WAIVE STATUTE — OBJECTION UPON APPEAL.—An executor or administrator acting for others, and in a trust capacity, cannot waive the statute of limitations by a failure to plead it by demurrer or answer, as may be done between parties acting in their own right. No claim barred by the statute can be allowed against the estate of a deceased person; and the executor or administrator may insist upon the bar of the statute, though not pleaded, whenever the bar appears upon the record, and may raise the objection upon appeal for the first time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

W. S. Goodfellow, for Appellant.

John B. Mhoon, for Respondent.

HENSHAW, J.—In its different branches and varying phases this litigation repeatedly has been before this court. Reference may be had to *Reay v. Butler,* 69 Cal. 572; 95 Cal. 206; 99 Cal. 478; 118 Cal. 113. The facts essential to this consideration are the following: In 1866 J. W. Reay, plaintiff's assignor, commenced an action in ejectment against Butler and Owens to recover possession of a tract of land. J. P. Treadwell filed an intervention alleging his ownership of the land, and that the suit between Reay and Butler and Owens was collusive and fraudulent. He prayed for an injunction restraining plaintiff from prosecuting his action, and that his own title be quieted. Under this complaint in intervention he prevailed in the trial court, and Reay, the plaintiff, appealed to this court. Treadwell died pending the appeal, and in this court Mabel Treadwell, as executrix of his estate was substituted, and her appearance by her attorneys entered. The decision of this court (*Reay v. Butler,* 69 Cal. 572) resulted in a judgment in favor of the appellant, Reay, by which judgment the intervention was ordered dismissed, and Mabel Treadwell, representative of intervenor,

was allowed to defend the action in the trial court in the name of the defendants Owens and Butler. Upon the return of the *remittitur* plaintiff Reay filed his memorandum of costs in the sum of two thousand five hundred and ninety-seven dollars and twenty cents. Mabel Treadwell, as executrix of the will of J. P. Treadwell, deceased, applied to the superior court for its order striking out or retaxing this cost bill, and upon the court's refusal to make the order prayed for, she appealed. In that appeal (*Reay v. Butler*, 99 Cal. 477) she contended that the costs should not be taxed against her, under section 1509 of the Code of Civil Procedure, but should have been taxed under section 1031 of the Code of Civil Procedure, and made chargeable solely upon the funds of the estate which she represented. This court declined to pass upon that question, declaring that it could not be considered upon the appeal from the court's order, but could only be determined upon an appeal from the judgment. Meanwhile, in the principal case of *Reay v. Owens and Butler*, Mabel Treadwell, as executrix, successfully defended the litigation in the name of the defendants; but no substitution of her in place of Treadwell, deceased, was ever entered in the superior court. Mabel Treadwell, in turn, having passed away, the defendant, George Heazelton, was appointed executor of her estate; a claim for the amount of the costs, with accrued interest, was presented and rejected, and this action was instituted for their recovery. Upon the judgment docket of the superior court are the following entries: "No. 1583. Judgment debtor—J. W. Reay. Judgment creditor—J. P. Treadwell as Intervenor, etc. Judgment—Decree perpetually enjoining plaintiff from prosecuting action in ejectment, and judgment for intervenor, and costs. Time of entry—31st December, 1879. When entered in judgment-book—F. p. 142. Appeal, when taken—December 30, 1880. Judgment of appellate court—*Remittitur* from supreme court reversing judgment with costs, filed September 27, 1886; cost bill filed September 29, 1886, $2,597.20. Satisfaction of judgment, when entered—."

For a reversal of the judgment appellant presents for consideration several questions, both of interest and importance. It is insisted, first, that there is no judgment at all against Mabel Treadwell; next, that the substitution of Mabel Treadwell upon

the appeal to this court was but a substitution for the necessary purposes of the hearing and determination of the appeal, and was not a substitution of her in the superior court; and finally, it is insisted that if there be a judgment against Mabel Treadwell, plaintiff's right to enforce it had been lost by laches, and the statute of limitations is a bar to the relief sought. This last contention we think is determinative of the controversy and renders unnecessary a consideration of the other points presented; but in passing it may be well to say that, notwithstanding an order of substitution may have been made in this court, the regular and orderly method of procedure would be to procure upon proper showing a like substitution in the superior court. The propriety, if not the necessity, of such procedure must become manifest when it is considered that there will be thus avoided vexatious questions, such as are here presented, of the responsibility for costs, and of the effect which a judgment, such as was entered, may have as a lien upon the property of the personal representative who may be found chargeable with costs and whose name yet appears nowhere in the judgment books.

But coming to the consideration of the question of the statute of limitations, and for the purposes of the consideration conceding to the respondent the utmost for which he can contend, namely, that there is a judgment against Mabel Treadwell for costs, and that she is personally responsible for those costs under section 1509 of the Code of Civil Procedure, we are confronted with the facts that this is an action instituted in 1894 to enforce a judgment entered in 1886, and that Mabel Treadwell died in 1892. The action, then, is clearly barred under section 336, subdivision 1, of the Code of Civil Procedure.

But to this respondent replies that the plea of the statute of limitations was not raised either by demurrer or by answer, and that it may not be raised here in this court for the first time. As between parties acting in their own right, the plea of the statute of limitations is unquestionably a personal privilege which may be waived. But an executor or administrator, acting for others, and in a trust capacity, is not vested with this privilege, and may not waive such a defense. By section 1499 of the Code of Civil Procedure the personal representative, as well as

the judge of the superior court, is forbidden to allow any claim which is barred by the statute of limitation. It would be a most unwarranted evasion of this mandatory provision to permit an executor or administrator by his failure to invoke the plea to suffer judgment upon a claim which, when presented to him, he was bound by law to reject because of the bar of the statute. In *Vrooman v. Li Po Tai*, 113 Cal. 302, it was held that the administrator, by appearing and answering, could not waive the objection that the claim in suit was barred by the statute; and in *Boyce v. Fisk*, 110 Cal. 107, it is declared that an administrator will not be permitted to waive the statute of limitations upon a claim which is barred. To like effect is *Butler v. Johnson*, 111 N. Y. 212.

The same principles must apply here, and however tardily the plea may have been presented, since the facts appear of record and are now called to this court's attention, it must be held that plaintiff's right of action upon the judgment is barred by the statute of limitations.

The judgment appealed from is, therefore, reversed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.