[No. 1574.]

## JOHN P. JONES, APPELLANT, *v.* CLARA A. POWNING, AS ADMINISTRATRIX OF THE ESTATE OF C. C. POWNING, DECEASED, RESPONDENT.

ESTATES OF DECEASED PERSONS—CLAIMS—STATUTE OF LIMITATION—WAIVER.
  Under probate act, sec. 113 (Comp. Laws, sec. 2898), providing that no claim shall be allowed by an administrator which is barred by limitations at the death of the person whose estate is being administered, a waiver of the statute by an administrator, and his allowance of a claim barred thereby, are invalid.

IDEM—IDEM—IDEM—IDEM. Defendant's intestate borrowed certain stock of plaintiff, to be used as collateral security for a note, his receipt for the stock stating: "Should I be unable to meet said note by reason of accident or death, or return of said stock to (plaintiff), it is my wish that so much of my ✻ ✻ ✻ property as may be sufficient to cover this obligation shall be sold to ✻ ✻ ✻ reimburse (plaintiff)." Intestate did not pay the note, but the stock was sold to meet it; and intestate died more than six years thereafter, without having reimbursed plaintiff for the stock: *Held*, that plaintiff's cause of action for the value of the stock accrued when intestate failed to pay the note and allowed the stock to be sold.

APPEAL from the Second Judicial District Court, Washoe County; *B. F. Curler*, Judge.

Action by John P. Jones against Clara A. Powning, as administratrix of the estate of C. C. Powning, deceased. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Alfred Chartz*, for Appellant:

I. The administratrix, who signed said promise to pay as witness, and who was most likely to know whether the same or any part of it had ever been paid, allowed the claim of plaintiff by statutory limitation, and, after the same had been allowed as a valid claim, the court, without any showing, rejected the same. A promise by an administrator to pay will take the case out of the operations of the statute of limitations. It is a personal privilege, and can be exercised by a personal representative. (*Hodgson* v. *White*, 11 N. H. 211; *Johnson* v. *Beardslee*, 15 Johns. R. 3; *Emerson* v. *Thompson*, 16 Mass. 429; Angell on Lim. 278; Williams on Executors, 1196; 13 Am. & Eng. Enc. Law, p. 707.) "The law does not require an executor to make his testator 'sin in his

grave' by setting up an unconscious defense." (Note 2, p. 707, 13 Enc. Law, and long list of authorities.)

II. If the plea of the statute of limitations is a personal privilege, which can be exercised by the personal representative, or be waived, the plea was waived by the personal representative in this case, by allowing the claim, and the moment it was waived by the personal representative, the claim became a live and valid claim, and the court erred in rejecting it, because it had then passed beyond his control, by the admission of the personal representative that the debt was still due and owing.

III. It is submitted that the words "and should I be unable to meet said note by reason of accident or death, or return of said stock to said John P. Jones," make the promise a conditional promise, and attach the condition to the time when any one can determine positively when the statute would begin to run against said promise to pay, because the breach of the contract did not occur until the accident or death occurred which prevented the promissor from paying said note, or return of said stock. (*McCarthy* v. *White*, 21 Cal. 495; Wood on Limitations, p. 266, sec. 90; *Broxton* v. *Wood*, 4 Gratt. (Va.) 25; *Egan* v. *Kergill*, 1 Demorrest (N. Y.) 464; *Tebou* v. *Robinson*, 29 Hun (N. Y.) 243.)

IV. Taking the promise to pay as a whole, it is exceedingly difficult to construe the same in any other light than a promise to pay when able, and the whole shows that John P. Jones accepted it, and impliedly promised not to demand payment until the promissor was able to pay, or until the accident or death occurred, which event would force him to file his claim against the estate.

*A. E. Cheney* and *Oscar J. Smith*, for Respondent:

I. The averments of the amended complaint show that the plaintiff loaned C. C. Powning certain stock on December 17, 1888, of the value of $18,750, " and that said C. C. Powning agreed to pay plaintiff said sum of $18,750 for said stock, or within a reasonable time return said stock." The complaint, as well as the claim which was presented for allowance, demands interest from December 17, 1888. There should be no difference of opinion as to this complaint. It is an

action to recover a money demand due in 1888. Certainly the debt became due when the stocks were sold in 1890. In either event more than six years had elapsed prior to the death of C. C. Powning, October 4, 1898.

II. The claim of the appellant, that the administratrix could or did waive the statute of limitation, is quite remarkable in view of the provisions of our statutes and the decided cases in other jurisdictions having similar enactments. (Stats. 1897, p. 136, sec. 113; *Boyce* v. *Fisk*, 110 Cal. 107–117; *In re Mouillerat's Estate*, 14 Mont. 245, 36 Pac. 186; *Butter* v. *Johnson*, 111 N. Y. 204.)

By the Court, BONNIFIELD, C. J.:

The complaint shows, among other things, that C. C. Powning died at Reno, Washoe county, Nevada, on the 4th day of October, 1898, leaving an estate in said county; that on the 6th day of December, 1898, Clara A. Powning was duly appointed administratrix of said estate; that on the 17th day of December, 1888, the plaintiff loaned to C. C. Powning, at his request, certificate No. 713, for 250 shares of the capital stock of the Anglo-Nevada Assurance Company, of the value of $18,750, to be used, and which was used, by Powning as collateral security for the payment of his certain promissory note, executed December 17, 1888, to the Bank of California, at San Francisco, for the sum of $18,750; that Powning agreed to pay plaintiff said sum for said stock, or within a reasonable time to return said stock; that subsequently, on the 2d day of January, 1889, said C. C. Powning executed and delivered to plaintiff an instrument in writing, in words and figures following, to wit:

"Reno, Nevada, January 2, 1889. This is to certify that on the 17th day of December, 1888, I received from John P. Jones cert. No. 713, Anglo-Nevada Assurance Co. of San Francisco, for 250 shares, to be used, and was so used, by me as collateral security for a certain promissory note given by me on said date to the Bank of California for the sum of $18,750; and should I be unable to meet said note by reason of accident or death, or return of said stock to said John P. Jones, it is my wish and desire that so much of my real and personal property as may be sufficient to cover this honor-

able obligation shall be sold, to fully and completely reimburse said John P. Jones against any loss on account of his testimonial of friendship. And I so decree to all whom it may concern. C. C. Powning. Witness: Clara A. Powning."

It is also shown by the complaint that said Bank of California in the year 1890 sold said stock so pledged by said C. C. Powning as security as aforesaid for the sum of $21,909 37; that said C. C. Powning has never returned said stock to the plaintiff, or any part thereof, and has never paid said sum of $18,750, or any part thereof, and has never paid any interest thereon.

It also appears that on the 28th day of January, 1898, the plaintiff filed with the clerk of the district court his claim against the deceased, setting forth said instrument, and claiming that there was due thereon the principal sum of $18,750, and legal interest on the same in the sum of $13,125; that thereafter the said administratrix allowed said claim to the full amount, $31,875, and that the judge of the district court rejected the whole of said claim.

The defendant demurred to the complaint on two grounds. The second ground was "that it appears upon the face of said amended complaint that the cause of action set forth therein accrued more than six years before the death of C. C. Powning, and that said claim, when presented for allowance as a claim against said estate, was, and now is, barred by the statute of limitation." The court sustained the demurrer. The plaintiff elected to stand on his complaint, and so stated in open court. The court gave judgment to the effect that the plaintiff take nothing by his said complaint, and that the defendant recover of him her costs, taxed at $1 80. Judgment was entered accordingly. This appeal is taken from said judgment and the order sustaining said demurrer.

Counsel for appellant contends that when a claim is presented to an administrator for allowance, although barred by the statute of limitations at the time of the death of the decedent, the administrator may waive the statute and allow the claim, and it becomes a valid claim against the estate. He cites several authorities to support this contention. Respondent's counsel cite several authorities holding to the contrary. The weight of authority, in our opinion, is against

the appellant's contention, besides, the mandatory provisions of section 113 of the probate act (section 2898, Comp. Laws) settle the question against the appellant, to wit: " No claim shall be allowed by the executor or administrator or the district judge which is barred by the statute of limitation at the time of the death of the person whose estate is being administered."

The second contention for appellant is that the statute of limitation did not begin to run against said claim till the death of C. C. Powning, and was not a bar, while it is the contention for respondent that the statute began to run against the claim in 1890, at the time said stock was sold by the bank.

Counsel for appellant says: " It is submitted that the words ' and should I be unable to meet said note by reason of accident or death, or return of said stock to said John P. Jones,' make the promise a conditional promise, and attach the condition to the time when any one can determine positively when the statute would begin to run against said promise to pay, because the breach of the contract did not occur until the accident or death occurred which prevented the promisor from paying said note, or return of said stock."

We may not fully comprehend the above contention, but, as we understand it, it is that there was no breach of the contract by C. C. Powning till his death; that by reason of his death he was prevented from paying said note and from returning said stock, and then, at his death, the right of action accrued to the plaintiff, and not before. This contention, we think, is not tenable.

The complaint shows that when Powning borrowed the stock he agreed to pay Jones therefor $18,750, or return the stock within a reasonable time. About three weeks thereafter, on the 2d day of January, 1889, he executed said instrument. This, evidently, was some time before the maturity of his said promissory note. By this instrument he expressed a desire that sufficient of his property should be sold to pay Jones for said stock, in case he should be unable to meet said note, by reason of accident or death, or to return said stock. Evidently, death did not prevent him from paying said note, for his death did not occur until more than six years after

his default in paying the same.   If he were prevented by accident from paying the note, the accident occurred more than six years before his death.

His breach of contract occurred upon his failure "to meet said note," and when he let said stock be sold as said collateral security, instead of returning it to Jones; and thereupon Jones' right of action accrued.

We do not perceive that said instrument had any value, except as a written acknowledgment of Powning that he had received said stock as a loan, to be used by him as collateral security for the payment of his said promissory note, and his liability for its value if he permitted it to be sold by the bank, or otherwise failed to return it.

The plaintiff's claim against the deceased was barred at Powning's death by the statute of limitations; and said section of the probate act prohibited its allowance by the administratrix, and its approval by the district judge.   (*Mouillerat's Estate*, 14 Mont. 245.)

The judgment and order appealed from are therefore affirmed.