## HAWKLEY v. HEATON.

### No. 3312.   Decided April 8, 1919.   (180 Pac. 440.)

1. PAYMENT—EVIDENCE—PRESUMPTION. In an action for the amount of a rejected claim against a decedent's estate for a debt contracted thirty-five years before, a finding that the debt had been paid is justified by some competent evidence that decedent worked for plaintiff to pay off the debt, and by the strong presumption of payment arising from such a lapse of time.   (Page 316.)

2. LIMITATION OF ACTIONS—WAIVER OF BAR—FAILURE TO PLEAD. Under Comp. Laws 1917, section 7654, providing that no claim must be allowed by the executor or by the judge which is barred by limitations, the administrator must plead the statute in bar, and his failure to do so is not a waiver of the defense.[1]   (Page 317.)

3. LIMITATION OF ACTIONS—PART PAYMENT—EVIDENCE. Oral testimony by plaintiff and his wife that decedent had agreed to care for the graves of plaintiff's children, the value of the services to be applied on the payment of his account with them, is not sufficient proof of part payment to take out of the statute of limitations under Comp. Laws 1917, sections 6467, 6489, a debt incurred thirty-five years before, which the debtor had been able to pay in the meantime.   (Page 318.)

Appeal from the District Court of Box Elder county, First District; *Hon. J. D. Call*, Judge.

Action by Joseph B. Hawkley against John Heaton, special administrator of the estate of Richard Roe, deceased.

Judgment for defendant. Plaintiff appeals.

---

[1] *Fullerton* v. *Bailey*, 17 Utah, 85, 53 Pac. 1020; *Clayton* v. *Dinwoodey*, 33 Utah, 253, 93 Pac. 723, 14 Ann. Cas. 926.

Affirmed.

C. E. Crowley of Idaho Falls, Idaho, and LeRoy B. Young of Brigham, for appellant.

Wm. J. Lowe of Brigham, for respondent.

CORFMAN, C. J.

Plaintiff brought suit to recover judgment for the amount of a rejected claim against the estate of defendant's intestate. In substance it is alleged by the complaint:

That between the months of May and October, 1885, Richard Roe, now deceased, became indebted to the plaintiff in the sum of $340 upon the following items: For money loaned, $200; purchase price of a city lot, fifty dollars; for board and lodging of deceased and wife during July, August, and September, 1885, of the reasonable value of ninety dollars. That said Richard Roe then promised to pay the same "as soon as he became able to do so." That no part of said indebtedness has been paid, except by services rendered plaintiff by Richard Roe, under an agreement, from 1886 to 1917, of the reasonable value of five dollars per year. That there is now due and owing to the plaintiff, after allowing credit for said services, principal and interest in the sum of $1,082.60, no part of which has been paid.

The answer denied the foregoing allegations of the complaint, pleaded payment, and the statute of limitations.

In a trial to the court the issues were found in defendant's favor, and a judgment entered dismissing plaintiff's complaint.

The plaintiff, on appeal, assigns as errors the admission and rejection of certain testimony, and that the findings of the trial court are not supported by testimony.

The facts, as disclosed by the testimony, briefly stated, are as follows:

Defendant's intestate, Richard Roe, died at Portage, Box Elder county, Utah, August 25, 1917, leaving no known heirs

at law. He was a brother-in-law of the plaintiff, and formerly resided in England. In 1883 the Church of Jesus Christ of Latter-Day Saints, at the request of plaintiff, sent him $200 for the purpose of emigrating, with his wife, to Utah. On his arrival from England, the same year, he and his wife went to the home of the plaintiff, and boarded and lodged there for a couple of months, during which time he promised to pay the plaintiff the $200 sent him by the church, which sum the plaintiff had paid for him. There is some testimony in the record tending to show that Richard Roe paid his indebtedness to the plaintiff by labor. In 1885 the plaintiff left Utah, and took up his residence in Idaho, where he remained until 1918. Plaintiff had buried two children at Portage, Utah. Richard Roe was requested by plaintiff to care for their graves and let his services apply on the $200 owing to plaintiff. Roe promised to do so, and thereafter, for some twenty-five years, until his death, he did care for the graves.

The findings of the court, in so far as they need to be considered for the purpose of our passing on the appeal, are as follows:

"(a)   That the said Richard Roe has paid the said amount and all interest; * * * that there is not due and owing on said account as principal or interest, or at all, the sum of $1,082.60 or any other sum.

"(b)   That any claim or indebtedness which the plaintiff may have had against the said Richard Roe is barred by the statute of limitations of the state of Utah, and in particular by the provisions of the Code of Civil Procedure of 1888, at page 225, and by the subsequently amended provisions of the statutes of Utah, and in particular by section 2376, and other provisions of chapter 4 of title 82, Compiled Laws of Utah, 1907."

We think these findings are amply sustained by the record before us. In connection with the fact that there is some competent testimony in the record tending to show that upon the arrival of Richard Roe in Utah he worked for the purpose of paying any indebtedness he was then owing plaintiff, a very strong presumption arises, after the long lapse of time, that the said indebtedness was fully paid. We think the finding of payment by the trial court, under the facts and circumstances as testified to, is justified.

The testimony as to how the indebtedness was incurred, what transpired between the plaintiff and Richard Roe after the latter came to Utah, was confined principally to the testimony of plaintiff and his wife. Their testimony is far from being satisfactory or convincing. Even the plaintiff, after other witnesses had testified to their knowledge of Richard Roe performing work for the church on his arrival in Utah, presumably to pay off the money advanced him for the purpose of immigrating to Utah, testified:

"Yes; I worked down there a while, and Mr. Roe would come down once in a while to kill time and just stopped with me, but he never did much. I never gave him any pay and I never hired him. I was working there to pay off the immigration through the church."

But, conceding that the indebtedness was contracted by defendant's intestate and never paid, is plaintiff's cause of action barred by the statute of limitations?

It is provided by our probate code, Comp Laws Utah 1917, section 7654:                                              2

"No claim must be allowed by the executor or administrator, or the judge, which is barred by the statute of limitations."

Plaintiff's counsel contends and argues in his brief:

"It will be observed in the outset that the statute of limitations is purely a personal defense, which can be waived if not pleaded. The defendant did not plead the laws of 1888 as a defense, but chose to rely solely upon section 2876 of the Compiled Laws of Utah. It is therefore our contention that the court could not look to any other statute to determine whether or not the action was barred save and except the one specifically pleaded in the answer."

It is true the defendant specifically pleaded only section 2876 of the Compiled Laws Utah 1907, but he also pleaded in a general way that plaintiff's alleged cause of action "is barred by the statutes of limitations of Utah," without specifically stating the statutes relied on. The finding of the trial court complained of was also to the same effect. The precise question raised by counsel in his brief had been heretofore passed on in at least two cases wherein it was held, under the provisions of section 7654, supra, that while it was

the duty of the administrator to plead the statute against the allowance of a claim barred by its provisions, the failure to do so would not remove the statutory bar, and the defense is not waived. *Fullerton* v. *Bailey*, 17 Utah, 85, 53 Pac. 1020; *Clayton* v. *Dinwoodey*, 33 Utah, 253, 93 Pac. 723, 14 Ann. Cas. 926.

In the case at bar the statute of limitations began to run as early as in 1883, when it is alleged the indebtedness sued upon was contracted. There is nothing in plaintiff's contention that the statute did not begin to run by reason of the defendant's intestate promising to pay "as soon as he became able to do so." While such a promise is alleged in the complaint, we find there is no tangible testimony in the record to support the allegation.

It is provided in Comp. Laws Utah 1917, section 6467, that "an action upon a contract, obligation, or liability not founded upon an instrument of writing" is barred within four years, provided "that action in said cases may be commenced at any time within four years after the last charge is made or the last payment is received." Section 6489 of the same compilation reads:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby. When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense."

Plaintiff contends that the promise of the defendant's intestate to care for the graves of plaintiff's children and let the value of such services apply on his indebtedness to the plaintiff tolled the statute; that the reasonable value of each year's service performed in 1885 before the action was barred and until 1917 was effective in preventing the statute from barring plaintiff's cause of action. There is no contention made that the alleged promise was in writing, and as to the intention of the parties that such services should apply as payment the

testimony is exceedingly vague and uncertain. The only testimony offered bearing on this question was that of the plaintiff and his wife in connection with statements alleged to have been made by Richard Roe to the effect that he intended to leave them his property. As to what particular obligations or indebtednesses, if any, the defendant's intestate had in mind when the conversation took place concerning the care of the graves of plaintiff's children, is left very much in doubt. The rule with respect to part payment tolling the statute is that the evidence must be clear and positive and the intent of the party promising not left in doubt. As stated in 2 Cyc. 1433:

"Evidence of part payment to take a case out of the statute of limitations must be clear and positive. So it must be proven unequivocally that the payment was made on the claim in suit."

Thirty-five years have elapsed since the indebtedness sued on in this action was incurred. During that time it appears that defendant's intestate was industrious and reasonably prosperous, and left at his death a substantial estate unincumbered. After so long a time has elapsed courts should, and do carefully scrutinize the claims of alleged creditors who, without any satisfactory excuse, make unseasonable demands upon the estates of deceased persons. They will be recognized only upon clear and convincing proof. *Gregory* v. *Filbeck's Estate*, 20 Colo. App. 131, 77 Pac. 369; *In re Child's Estate*, 5 Misc. Rep. 560, 26 N. Y. Supp. 721; *Kearney* v. *McKeon*, 85 N. Y. 136.

From what has been said and pointed out it follows that the findings of the district court in the foregoing particulars must be sustained. We need not, therefore, discuss the further assignments of error made on this appeal, for they were not prejudicial, in view of the fact that the judgment must be affirmed on the grounds stated. Judgment affirmed. Costs to respondent.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.