## SOWERS v. KING*

(No. 1141; December 23, 1924—231 Pac. 411)
Rehearing Denied; 238 Pac. 540

Executors & Administrators — Funeral Expenses — Priority — Pleading—Defects Cured by Answer—Appeal and Error.

1. Funeral and burial expenses are not properly a contractual claim 'against decedent's estate, nor are they properly part of expenses of administration.

2. Funeral and burial expenses, when reasonable, in view of size of estate and condition in life of decedent, are by implication of law claim against estate.

3. Undertaker is entitled to recover of estate at least smallest sum for which decent Christian burial of deceased could be had, including casket, burial lot, opening and closing of grave, transportation of body, and ordinarily some public service, notwithstanding such charge exhausts all available assets.

4. Under Comp. St. 1920, § 6869, claim of undertaker for burial expense is on equality with expenses of administration.

5. That claim for funeral expenses is reasonable and proper, in view of the value of estate and station in life of decedent, need not be specifically alleged; any statement of facts so showing being sufficient.

6. Insufficiency, if any, of petition arising from failure to allege that claim for funeral expenses was reasonable *held* cured by allegations of answer alleging unreasonableness and trial of case on that theory.

7. Defective statement in petition is aided and cured by denial in answer of facts so defectively stated.

8. Amendment of petition to cure defect, consisting of failure to allege reasonableness of claim for funeral expenses, *held* such as should have been permitted if called to court's attention before judgment.

9. Where action for funeral expenses was properly tried on theory that claim was unreasonable, failure of petition to allege reasonableness *held* immaterial error which, under Comp. St. 1920, § 5708, did not warrant reversal.

ON PETITION ₁ OR REHEARING

10. Insufficiency of petition against estate for funeral expenses in failing to allege th'at expenses were reasonable *held* cured by allegations of answer, notwithstanding answer was filed after expiration of three-months limitation for commencing an action on a rejected claim, as fixed by Comp. St. 1920, § 6863.

11. Claim against an estate need not be technically accurate, as required by pleadings, but is generally sufficient if it is clear and unambiguous, so as to distinguish it with reasonable certainty from all other claims, and give such information as to enable represent'ative to act intelligently in allowing or rejecting it, and claim for funeral expenses need not state claim is reasonable, in view of condition of estate.

12. In view of Comp. St. 1920, § 6738, as amended by Laws 1921, c. 144 § 2, making Comp. St. 1920, § 5676, applicable to requirements of statement of cause of action on a claim against an estate, that claim for funeral expenses is reasonable, in view of circumstances of estate, need not be alleged.

*NOTE—See Headnotes (1) 24 C. J. p. 306; (2) 24 C. J. p. 306; (3) 24 C. J. p. 306; (4) 24 C. J. p. 423; (5) 31 Cyc. p. 50; (6) 31 Cyc. p. 716; (7) 31 Cyc. p. 716;·(8) 24 C. J. p. 840; (9) 4, C. J. p. 1170; (10) 31 Cyc. pp. 714, 715; (11) 24 C. J. p. 349; (12) 24 C. J. p. 350.

Error to District Court, Lincoln County; John R. Arnold, Judge.

Action by W. L. King against Rebecca M. Sowers, Administratrix of the Estate of Samuel Scott Sowers, deceased. Judgment for plaintiff, and defendant brings error.

*P. W. Spaulding* for plaintiff in error.

The petition does not state a cause of action; verdict is not sustained by sufficient evidence; the court should have directed the verdict for defendant; the verdict is speculative; the undertaker's charge was unreasonable. Petition does not allege the charge to be a reasonable value for the services, hence it was not chargeable against the estate; Golden Gate Co. v. Taylor, 168 Calif. 94, 141 Pac. 922. The action was not one on a contract where prices and other terms were agreed upon; demand must rest upon the necessity of services and expenses and the reasonable charge and value therefor which must be alleged as well as proved. The services rendered were worthless; the casket furnished was not the casket ordered; the evidence shows that plaintiff below did not know what kind of a casket he sold, furnished or charged for.

*J. A. Christmas* for defendants in error.

The petition fully stated the nature of the claim which is sufficient, 31 Cyc. 101; Shea v. Nililma, 133 Fed. 209; C. B. & Q. Co. v. Pollock, 16 Wyo. 321. Funeral expenses are a prior claim, 6872 C. S. Hopgood v. Houghton, 10 Pick. 154; Pease v. Crisman, 64 N. E. 91. The estate was appraised at $22,536.00. Plaintiff was called from Driggs, Idaho to Jackson, Wyoming to perform, as directed, and expended a large sum of money in addition. A claim for funeral expenses is not required by the statutes to be presented to the administrator for approval, hence the three month limitation within which action may be brought after rejection does not apply; Porter v. Lewis (Calif.) 55 Pac. 783.

C. O. Brown, District Judge.

Samuel Scott Sowers died at his residence near Jackson, on the 18th day of June, 1920, leaving a widow, the plaintiff in error in this case, and a minor son, eight years old. The widow authorized a message to the defendant in error, W. J. King, an undertaker doing business at Driggs, Idaho, asking him to come to the Sowers ranch, bring with him a

black casket, and be prepared to embalm the body for shipment. The defendant in error at once employed a local garage to take him and the casket and necessary equipment to the Sowers ranch. Owing to the muddy condition of the roads at this season of the year in this locality, they did not arrive at the ranch home until that evening, spending all day in making the trip of about forty two miles, it being necessary to be drawn by team over the divide between Driggs, Idaho, and Jackson, Wyoming.

Arriving at the Sowers ranch, a son of the plaintiff in error, by a former marriage, met the defendant in error and informed him that because of the sudden fatal termination of the illness of his step-father, his mother was in no condition to do business and had asked him to make all the necessary funeral arrangements. It was then arranged between him and the undertaker, that the body be taken to Jackson that night, and the following day to Driggs, Idaho, and be there prepared for shipment to the former home of the decedent in Harrison, Ohio.

Because of the condition of the highways it took all of the following day for the undertaker to make the return trip. The following morning the undertaker and the son had some conversation over the telephone between Driggs, Idaho and Victor, Idaho, where he and his mother had arrived preparatory to making the trip to Ohio with the body. It was then arranged in this conversation that because of the condition of the body it be placed in a metallic casket. The undertaker met the funeral party at the train at Driggs, with the body, which was taken to the former home of the decedent and there buried.

Three Hundred and thirty dollars were paid on the undertaking bill at the time he received the body. The total undertaking bill, including tickets for the body of the deceased, and escort to Harrison, Ohio, including an auto charge to the Sowers home and return, of Eighty Dollars, and the team hired to pull the car over the divide on each trip, of $21.00, amounted in all to Twelve Hundred and

twenty nine Dollars and seven cents, no part of which has been paid except the Three Hundred and Thirty dollars above.

On the 23rd day of September, 1920, the undertaker presented a claim in due form to the administratrix of the estate, claiming a balance due of eight hundred and ninety dollars and seven cents. This claim was rejected and, thereafter, on the 9th day of December following, this action was brought against the plaintiff in error as administratrix of the estate to recover the balance claimed to be due.

The petition is the ordinary petition on an account, with the added allegations of the presentation of the bill to the administratrix and its rejection, and the further allegation: "That the plaintiff is informed and believes, and upon such information and belief alleges that the said defendant as such administratrix, has assets in her, hands applicable to the payment of plaintiff's claim, sufficient to pay the same, and that said assets can be applied to the payment of said claim without materially affecting the rights of others entitled to priority or equality of payment with said plaintiff."

The answer admits the appointment of the administratrix, the presentation of the claim to her for allowance and its rejection, and denies the other allegations of the petition, and then alleges in substance that the plaintiff so negligently and unskillfully failed and omitted to properly prepare and embalm the body of Samuel Scott Sowers, deceased, for burial, and to carefully and securely enclose and encase the same in a casket, that said body in three days after death of said deceased, emitted extensively such disagreeable and unpleasant odors that the train crew on the railroad, on which it was being transported, protested against further carrying the body and threatened to remove the same from the train, and that when it reached its destination in the State of Ohio, about four days after his death, it was in such a condition because of the defective embalming and preparation, and emitted extensively such

disagreeable and unpleasant odors and gases, that the funeral services had to be held out of doors, and the mourners could not view the remains of the deceased  *  *  *  and for a further defense to the petition, defendant alleged that the sum paid by her to the plaintiff as alleged in his petition, to-wit: the sum of Three Hundred and Thirty Dollars, is greatly in excess of the expenses actually incurred and services rendered by plaintiff, as alleged in his petition.

The reply thereto is a general denial. The case was tried to a jury. The jury found in favor of the plaintiff and fixed the amount of his recovery in the sum of Five Hundred and Forty Four Dollars and eighty two cents.

The plaintiff in error seeks to reverse the judgment of the lower court on the sole ground that the petition nowhere alleges that the funeral expenses was a reasonable charge in view of the condition in life of the decedent and of the value of his estate.

Funeral expenses or expenses necessary for a decent burial of the decedent's body are not properly a claim against the estate in the sense that a claim is an obligation contracted or incurred by the decedent. Some courts and text writers prefer to call it a part of the expenses of administration. However, it is not properly a part of the expenses of administration. It is rarely contracted by the administrator or executor of the estate. Necessarily in most cases the funeral must have taken place before the appointment of the executor or administrator. Funeral arrangements are ordinarily taken care of and arranged by the near relatives and friends of the decedent, sometimes by a stranger, or by the undertaker himself. When reasonable, in view of the size of the estate and the condition in life of the decedent, the expenses of a christian burial are made a claim against the estate, by implication of law.

"The law with reference to such matters is well settled, and generally understood. Such charges are not, strictly speaking, debts due from the deceased, but charges which

the law out of decency imposes upon his estate. And, so far as these are reasonable in amount, they take legal priority of all such debts; as likewise, do the administration charges. A decent burial should comport with the social condition of the deceased and the amount of his fortune. Justice to creditors, as well as to one's surviving family, demands however, that there should be no extravagant outlay to their loss.''

Foley v. Broeksmit, 119 Ia. 457, 93 N. W. 344, 60 L. R. A. 571, 97 Am. St. Rep. 324.

''Funeral expenses are an obligation created by law against the estate of a decedent.''

Marshall Trust Company v. Carr, (Tenn. Ch. App.) 62 S. W. 204.

''They are liabilities or charges against his estate, raised up and imposed by law, as distinguished from obligations arising by some act or promise of the decedent.''

Hildebrand v. Kinney, 172 Ind. 447, 87 N. E. 832, 19 Ann. Cas. 788.

''The presumption is that funeral expenses are incurred on the credit of the estate of the deceased.''

Rice v. New York Cent. Ry. Co., 195 Mass. 507, 81 N. E. 285.

As said above, the claim does not arise in contract, either by the decedent or the administrator, but a reasonable charge arises by implication of law. The undertaker certainly would be entitled to recover the smallest sum for which a decent Christian burial could be had, regardless of the size of the estate or the condition in life of the decedent. The dictates of society demand the decent interment of a human body. This requires a casket, suitable for the incase-

ment of a human body, a burial lot in a cemetery, the opening and closing of the grave, the transportation of the body to the place of burial, and ordinarily some public services. This must be done, either from the assets of the estate of the decedent or from the public treasury. The minimum sum for which such a burial may be had must be paid from the estate of the decedent, even though it exhausts all of the available assets. Our statute makes it a prior claim to all others, and on an equality with the expenses of administration. Section 6869, Compiled Statutes, 1920.

It is contended by appellant that the petition in this case does not state facts sufficient to constitute a cause of action, for the reason that it does not allege that the funeral expenses were reasonable and proper in view of the value of the estate and the station in life of the decedent. This objection to the petition was raised for the first time in the motion for a new trial. Appellant bases his contention upon the authority of Golden Gate Undertaking Company v. Taylor, 168 Calif. 94, 141 Pac. 922, 52 L. R. A. (N S.) 1152, Ann. Cas. 1915 D. 742.

In the case of Foley v. Broeksmit, supra, the objection that the funeral expenses were not reasonable in view of the size of the estate and the position in life of the decedent was raised by answer, and that fact set up as a defense. The appellate court determined what the charge against the estate should be under all of the circumstances and gave the plaintiff the option of accepting judgment for that sum or a reversal of the case.

It would not be necessary of course to allege the facts contended for by the appellant, in the words pointed out, in fact, they are a conclusion. Any statement of facts so showing would be sufficient. As above stated, the petition alleged: "That the plaintiff is informed and believes, and upon such information and belief alleges that the said defendant as such administratrix, has assets in her hands applicable to the payment of plaintiff's claim, sufficient to pay the same, and that said assets can be applied to the

payment of said claim without materially affecting the rights of others entitled to priority or equality of payment with said plaintiff.''

The answer of defendant below contained the following allegation: ''For a further defense to said petition, the defendant alleges that the sum by her paid to said plaintiff as alleged in said petition, to-wit: the sum of Three Hundred and Thirty dollars, is greatly in excess of the reasonable value of the expenses incurred and services rendered by said plaintiff as alleged in said petition.''

This allegation was denied by plaintiff's reply.

On the trial of the case the plaintiff, defendant in error, introduced in evidence without objection the appraised value of the estate. Defendant then, on cross examination of the Clerk of Court, showed the claims filed against the estate. This evidence was relevant only on the theory that the funeral expenditures were reasonable in view of the value of the estate. In the discussions between counsel and the court on the admissibility of the plaintiff's testimony of the making of the funeral arrangements with the son, it appears that the court admitted the testimony on the theory that anyone might bind the estate for such funeral expenditures as was necessary and reasonable under the circumstances.

It is clear that the court had in mind the principle herein contended for by appellant, and applied it in the reception of the evidence in the case. In other words, the case was tried upon the theory that the charges must be reasonable in view of the station in life of the decedent and the value of his estate.

Even though the allegation of the petition were insufficient under the rule in the California case, the defect was cured by the allegations in the answer.

The rule is well established that a defective statement in the petition will be aided and cured by a denial in the answer of the facts defectively stated in the petition.

In 31 Cyc. page 716, it is said: ''Whether or not a declaration or complaint can be aided by a denial in the plea or answer of a fact omitted by the plaintiff, or by an averment in the plea or answer of the non-existence or direct opposite of such fact, upon which averment issue is taken, is a controverted question. The general rule is that a denial or negative form of allegation of this kind will aid a defective complaint or declaration.''

The text indicates also that there is some authority to the contrary. However the long list of cases supporting the general rule would seem to indicate it to be a safe one. It is certainly logical, as shown by the instant case, the issue in question having been raised and tried.

As illustrative of the language of the cases under the rule just quoted, the case of Catlin v. Jones, 48 Ore. 158, 162, 85 Pac. 515, at 516, may be pertinent. ''Now it is not directly averred in the complaint that the plaintiffs were ready and willing at the time and place specified to perform the contract on their part, but this omission was cured by the allegation of the answer that the defendant had the hops at Brooks Station, ready for delivery at the time stipulated, but that there was no one present to receive and pay for them. This averment of the answer is denied by the reply, and an issue thus made on the plaintiff's readiness and willingness to perform the contract on their part. Consequently the defect in the complaint is cured by the answer.'' Also see Bledsoe v. Stuckey, 47 Cal. App. 95, 101, 190 Pac. 217 at 220, using the following language: ''In the first place, the failure to allege non-payment and perhaps also, the failure to allege demand before bringing suit, was cured by defendant's denial, in the answer and cross complaint, that there had been any amount paid in excess of the balance due on the note and mortgage, or that there was any amount whatever due or owing the defendant. While the more common application of the rule of curing defects in a complaint by averments in the answer contemplate an affirmative allegation in the answer of the precise fact omit-

ted from the complaint, (Pomeroy on Remedies, Sec. 579) it seems to have been the practice in this state to treat an express denial by answer of the omitted matter as curing the omission.''

Assuming that the California case cited by plaintiff in error, announcing the rule that there must be an allegation in the petition that the funeral charges were reasonable in view of the circumstances of the estate, is good law, it would seem that under the situation existent in the case at bar plaintiff in error has no cause for complaint.

If the defect in the petition had been called to the attention of the court at any time before judgment, an amendment should have been permitted. Under the rule stated in Kuhn v. McKay, 7 Wyo. 57, 49 Pac. 473, 51 Pac. 352 and Quinlan v. Jones, 27 Wyo. 417, 198 P. 352, it is not material that the amendment was not made.

We think in view of the allegation of the petition quoted and the fact that the defendant raised the issue of the reasonable value of the expenditures and services, and in view of the theory on which the case was tried, the petition was sufficient. Nothing would be gained by a retrial of the case.

We think furthermore that this is one of the immaterial errors, for which, under Section 5708, Compiled Statutes, 1920, this court cannot reverse.

It follows that the judgment of the District Court should be sustained.

Blume, J., and Riner, District Judge, concur.

### ON PETITION FOR REHEARING

Riner, District Judge.

A petition for a rehearing has been filed herein in which it is claimed that we overlooked to decide some of the points raised on the original hearing. It is true that we did not discuss every point raised, but they were not overlooked.

In referring to the statement in the original opinion that even though the allegations of the petition were insufficient, the defect was cured by the allegations in the answer, counsel claim we overlooked the point urged in the original argument that this could not be done in the case at bar, for the reason that the answer was not filed until after the expiration of the three months' limitation for commencing an action upon a rejected claim, fixed by Sec. 6893 W. C. S. 1920. The theory is that to treat an allegation in the answer as supplying a defect in the petition would be the equivalent of the allowance of an amendment having the same effect, and that no such amendment could have been filed to supply the defect. Counsel cited no authority for his position in the original brief, and the only authority now cited is from 1 Ross Probate Law, Secs. 339 and 348, to the effect that a claim must be presented within the time fixed by statute, and that an administrator cannot waive the statutory requirements. We cannot see the application of these authorities. There is no claim that the claim was not filed in due time. If it is thought that the claim that was filed should have contained the statement that it was just and reasonable ''in view of the condition of the estate,'' then we cannot concur in such opinion.

Technical accuracy and certainty of description, which is essential in a pleading, is not necessary in filing such a claim. If it is clear and unambiguous so as to distinguish it with reasonable certainty from all other similar claims, and gives such information concerning the nature and amount of the demand as to enable the representative to act intelligently in allowing or rejecting it, it should generally be held to be sufficient. 24 C. J. 348, 349. We think the claim filed in this case was sufficiently definite. Indeed, it is not our understanding of the record that any contention was made that the claim presented to the administratrix was not correct in form.

In the original opinion in this case the question seriously raised and argued by plaintiff in error that the petition failed to state a cause of action, was considered, and it was held that ''assuming that the California case cited by plaintiff in error, announcing the rule that there must be an allegation in the petition that the funeral charges were reasonable in view of the circumstances of the estate, is good law'' any defect of that kind was cured by the subsequent pleadings of the parties. Nothing has been said in the argument before us on petition for rehearing to change our views on this point. Some things said in the course of that argument, however, have led us to believe that it would be as well to say here that we do not think the rule of the ''California case'' (Golden State, etc. Co. v. Taylor, 168 Cal. 94, 141 Pac. 922) above mentioned, applicable to our practice in this State. Sec. 6738, Wyo. C. S. 1920, as amended by Chapter 144 of the Session Laws of 1921, provides, inter alia, ''except as otherwise provided in the probate code, the provisions of the code of civil procedure are applicable to and constitute the rules of practice in the proceedings mentioned therein.'' There is nothing in the probate code which indicates what shall constitute the statement of a cause of action on an account presented as a claim against an estate when that account is sued. But Sec. 5676 Wyo. C. S. 1920, which is part of the code of civil procedure, provides generally what shall be ''sufficient'' in framing a cause of action on an account.

We have, then, a section of law which obviously is applicable to the petition in the case at bar. Tested by its provisions, the pleading attacked is amply ''sufficient.'' There was evidence received which in our opinion is sufficient to make a prima facie case under this pleading. We are not unmindful of the rule so often referred to by the authorities that recovery can be had only to the extent the expenditures for funeral expenses were reasonable in

view of the size of the estate and the position in life of the decedent, but we think this should be matter of defense. Counsel for defendant evidently thought such procedure proper, for defendant's answer, as pointed out in the original opinion herein, incorporates allegations to that end. That opinion also refers to the fact that in the case of Foley v. Broeksmit, 93 N. W. (Ia.) 344, the point was likewise raised by answer. This would seem logical. Such facts are more accurately within the knowledge of the estate's representative than one situated as was the plaintiff here. It would be harsh to require that before he carries out a requisition given by the immediate family of deceased for funeral expense—a matter that cannot be delayed—an undertaker must first conduct an investigation and determine whether the requisition is proper in view of the size of the estate and the position in life of the decedent.

In this connection we are inclined to approve the rule well expressed in the case of In re. Rooney, 3 Redf. (N. Y. Surr.) 15, where it was said:

"Still I am of the opinion that an undertaker called to furnish the necessary funeral outfit, is only chargeable with a knowledge of the apparent condition of the decedent's property, and of his station in life, and he cannot be expected to enquire as to the extent of the encumbrances upon the decedent's property, or the amount of the debts which he may owe. He should only be held to a rigid accountability in respect to what must be apparent to a reasonably prudent observation."

In the case now before us defendant made such proof as she had in support of the allegations of her answer on the point now being discussed. A jury has passed upon this evidence. Nothing has been drawn to our attention which induces us to believe that the conclusion reached by it was so erroneous as to require a reversal of the cause.

Another trial would serve no useful purpose, and, accordingly, in our judgment the petition for a rehearing should be denied.

*Rehearing denied.*

Blume, J., and Brown, D. J., concur.