LILLIAN GRANT ELLIS,

*Plaintiff and Appellant,*

vs.

FELIX CAUHAUPE, Executor of the Last Will and Testament of Jean Pierre Cantou, known also as J. P. Cantou, Deceased.

*Defendant and Respondent.*

(No. 2604; August 4th, 1953; 260 Pac. (2d) 309).

476

For the plaintiff and appellant the cause was submitted upon the brief of John J. Spriggs, Sr., and John J. Spriggs, Jr., both of Lander, Wyoming.

For the defendant and respondent the cause was submitted upon the brief and also oral argument of L. A. Crofts of Lander, Wyoming.

478

## OPINION

BLUME, Chief Justice.

This is an action brought by the plaintiff on November 15, 1951, against Felix Cauhaupe, executor of the Last Will and Testament of Jean Pierre Cantou, the latter having died in November 1949. The action was brought to recover the sum of $500 and interest. Judgment was rendered for the defendant and the plaintiff has appealed to this court.

The petition of the plaintiff, while in some portions is very uncertain, alleges in substance, as we construe it, as follows: At the time of the death of Jean Pierre Cantou, he was indebted in the sum of $500 on an account for pasturing and grazing on the land held or controlled by the plaintiff; that through the instrumentality of the U. S. Bureau of Land Management, Plaintiff and defendant entered into a contract for grazing as above mentioned and Cantou promised to pay $1,500 for the same and there was due on that agreement the sum of $500 as above mentioned; that plaintiff duly presented her claim to the executor of the estate but the claim was not allowed. Plaintiff asked judgment for $500 with legal interest.

It will be noted that no dates are fixed and that plaintiff asked judgment both on an open account as well as on a contract. The petition does not state wheth-

er the contract was oral or in writing. However, no motion was filed by the defendant but he filed an answer some of which is immaterial herein. He filed a general denial, also pleaded that the claim filed with the executor is indefinite, evasive, and obscure; further alleged that whatever indebtedness arose in favor of the plaintiff was by reason of a written contract, found among the papers of deceased, dated June 25, 1937, between the plaintiff and J. P. Cantou, copy of which was attached to the answer marked Exhibit "A" and that "under the terms of said purported lease, referred to by plaintiff as aforesaid, any alleged claim for rental thereunder accrued not later than October 15, 1937, and that plaintiff's cause of action herein, if any, is barred by the so called Statute of Limitations under the laws of the State of Wyoming." The plaintiff demurred to all of the various answers except the general denial. That demurrer was overruled and thereupon plaintiff filed a reply insisting upon the demurrer, and answering further that there was a lease between plaintiff and Cantou (wrongly stated as dated October 1, 1937) and that the balance of rental due was $500, to be paid on or before October 15, 1937. The reply admits that Exhibit "A" of the answer is a copy of the lease sued on by plaintiff and denies that the claim of plaintiff is barred by the so-called statute of limitations.

There are only two matters which we deem of sufficient importance herein to discuss. The first is the sufficiency of the claim filed with the executor of the estate. That claim is as follows (omitting the verification) :

"IN THE MATTER OF THE ESTATE OF J. P. Cantou, deceased

The undersigned, creditor of J. P. Cantou, deceased,

present claim against the Estate of said deceased, with the necessary vouchers for approval as follows, to-wit:

Estate of J. P. Cantou, Deceased

To Lillian Ellis, Dr.

Balance on pasture contracted thru Bureau of Land Management of U. S.    $500 and interest at 7%."

It is, of course, no wonder that the executor objected to an indefinite statement of that kind. Although plaintiff pleaded an indebtedness due on an account, he also pleaded a contract, which in the reply is admitted to have been in writing, and that plaintiff's action is based thereon. Section 6-1606, W.C.S. 1945, provides among other things: "If the claim be founded on a bond, bill, note, or any other instrument, a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, * * *." Since the action was in fact an action upon a written contract, there was no compliance with the provisions of this statute. In 34 C.J.S. § 417, p. 194, it is stated that a statement presented to the executor "shall be so clear and unambiguous as to distinguish the claim with reasonable certainty from all other similar claims, and that it shall give such information concerning the nature and amount of the demand as will enable the representative to act intelligently in providing for its payment or in rejecting it." That statement of the law was approved in the case of Sowers v. King, 32 Wyo. 167, 231 P. 411, on rehearing 238 P. 540. We hardly think that the claim filed in this case complied with this rule.

We shall not, however, decide whether or not the court was justified in rendering its judgment because of the insufficiency of the claim presented to the

executor of the estate of Cantou and proceed to consider the point remaining in this case, namely, whether the claim was barred by the statute of limitations. Under § 3-504, W.C.S. 1945, an action on a written promise is barred in ten years, on an account in five years, after the action accrued. Defendant pleaded that the claim sued on accrued not later than October 15, 1937. That was a statement of fact. The reply admits that, and that fact was also shown by the evidence in this case. More than ten years accordingly had elapsed when the action was commenced. Counsel for plaintiff, however, contend that the answer does not show when the action herein was commenced and that it was necessary that that be shown in the answer. He relies upon United States Fidelity & Guaranty Co. v. Parker, 20 Wyo. 29, 121 P. 531, in which it was held that in view of the fact that an amended petition was filed and the original petition was supplanted by the amended petition, so that the original petition was no longer properly before the court, it could not tell when the action was commenced. It has been said of this holding in the case of Norwood v. Eastern Oregon Land Co., 139 Or. 25, 5 P. (2d) 1057, 1062, that: "Such holding is not in keeping with the better reasoned cases." However that may be, there was no amended petition in this case at bar. The original petition was directly before the court, so that in this case the court should take judicial notice of the time in which the action herein was commenced. Thus it is said in 20 Am. Jur. § 86, p. 104: "It is well settled that a court will take judicial notice of its own records in the immediate case or proceeding before it and of all matters patent on the face of such records, including all prior proceedings in the same case, * * *." In 31 C. J. S. § 50, p. 620, the general rule is stated as follows: "Accordingly a court, by the use of judicial

notice of its records, may ascertain such facts as that a certain case or appeal is or is not pending, *that a claim is or is not barred by the statute of limitations,* and other facts which may be obtained from its records." (Italics supplied) See also 23 C.J. 110, note 3, and Blakeney v. Francis, 105 Okla. 11, 231 P. 464, and many cases cited. We think accordingly that in this case the answer was sufficient on the point herein mentioned.

Aside from what has been said, we find that § 6-1608, W.C.S. 1945, provides as follows: "No claim shall be allowed by the executor or administrator which is debarred by the statute of limitations. When a claim is presented to a judge or a commissioner for his allowance, he may, in his discretion, examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim." The California statute, § 1499, Code of Civil Procedure, from which ours was probably taken provides that: "No claim must be allowed by the executor or administrator, or by a judge of the superior court, which is barred by the statute of limitations. * * *" The meaning and intent of our statute is, we think substantially the same as that of California, for if a judge could allow a claim which is rejected by an administrator or executor pursuant to a mandatory provision, then the statute would be nullified. In the late case of Kroger v. Truitt, Cal. App. 159 P. (2d) 429, 432, the court held: "An administrator may not waive the statute of limitations. (Estate of Lucas, 23 Cal. 2d 454, 466, 144 P. 2d 340; In re Estate of Cates, 195 Cal. 319, 324, 232 P. 972; Reay v. Heazelton, 128 Cal. 335, 339, 60 P. 977.)"

In fact it is held that under such a statute a claim must be rejected if it appears at any time during the

pendency of a case that the claim sued on is in fact barred by the statute of limitations, even though no plea that the claim is barred by these statutes has been interposed. Thus it was said in the case of Reay v. Heazelton, 128 Cal. 335, 60 P. 977, 979, as follows: "But to this respondent replies that the plea of the statute of limitations was not raised either by demurrer or by answer, and that it may not be raised here in this court for the first time. As between parties acting in their own right, the plea of the statute of limitations is unquestionably a personal privilege, which may be waived. But an executor or administrator, acting for others, and in a trust capacity, is not vested with this privilege, and may not waive such a defense. By section 1499 of the Code of Civil Procedure the personal representative, as well as the judge of the superior court, is forbidden to allow any claim which is barred by the statute of limitations. It would be a most unwarranted evasion of this mandatory provision to permit an executor or administrator by his failure to invoke the plea to suffer judgment upon a claim which, when presented to him, he was bound by law to reject because of the bar of the statute. In Vrooman v. Li Po Tai, 113 Cal. 302, 45 Pac. 470, it was held that the administrator, by appearing and answering, could not waive the objection that the claim in suit was barred by the statute; and in Boyce v. Fisk, 110 Cal. 107, 42 Pac. 473, it is declared that an administrator will not be permitted to waive the statute of limitations upon a claim which is barred. To like effect is Butler v. Johnson, 111 N. Y. 212, 18 N. E. 643. The same principles must apply here, and, however tardily the plea may have been presented, since the facts appear of record, and are now called to this court's attention, it must be held that plaintiff's right of action upon the judgment is barred by the statute

of limitations. The judgment appealed from is therefore reversed."

Other states have a like or similar statute as California and the holding is the same. Thus in the case of Pincus v. Pincus' Estate, 95 Mont. 375, 26 P. (2d) 986, 991, the court, considering such a statute, stated as follows: "Statutes identical with our section 10179 are found in a number of states. Under those statutes it is held generally, and without exception, so far as our investigation has gone, that this provision is mandatory, and that to permit an executor or administrator by his failure to invoke the plea to suffer judgment upon a claim which, when presented to him, he was bound by law to reject because of the bar of the statute, would be an unwarranted evasion of this mandatory provision, and that whether the objection is raised by answer (or demurrer in those states where that practice prevails) or not, the courts will enforce the statute. * * * We find ourselves in accord with the rule announced in the foregoing authorities, and where an executor or administrator is defending a claim and it appears to the court by pleading or evidence that the claim, or some part thereof, is barred by the statute of limitations, it is its duty to raise the bar, for otherwise the court, if it disregard the bar of the statute, would order the claim paid in an action thereon, and on the settlement of an account it would be its duty to disallow the claim once by it ordered paid. Such a situation must not arise."

To the same effect under a like or similar statutory provision are Jones v. Powning, 25 Nev. 399, 60 P. 833; Murtha v. Donohoo, 149 Wis. 481, 134 N.W. 406, 136 N.W. 158; Branch v. Lambert, 103 Or. 423, 205 P. 995; Gulbranson v. Thompson, 63 Utah 115, 222

P. 590, and other Utah cases cited; Hawkley v. Heaton, 54 Utah 314, 180 P. 440.

It follows that the judgment of the trial court must be and is affirmed.

Affirmed.

RINER, J. and HARNSBERGER, J., concur.