In the matter of the Estate of GRACE PETERSON, Deceased, United States of America,
*Petitioner and Respondent,*

vs.

HENRY S. DEIMER, Administrator of the Estate of GRACE PETERSON, Deceased.
*Defendant and Appellant.*

(No. 2723; April 24th, 1956; 296 Pac. (2d) 504)

For the defendant and appellant the cause was submitted upon the brief of John J. Spriggs, Sr., and John J. Spriggs, Jr., of Lander, Wyoming; oral argument by John J. Spriggs, Sr.

For the petitioner and respondent the cause was submitted upon the brief of John F. Raper, Jr., United States Attorney for the District of Wyoming, and William G. Walton, Assistant United States Attorney for the District of Wyoming, Cheyenne, Wyoming; oral argument by Mr. Walton.

OPINION

Harnsberger, Justice.

This appeal by the administrator of the estate of Grace Peterson, deceased, is from an order of the district court sitting in probate, decreeing that the administrator "pay out of the funds of the estate, after first paying all proper costs of administration, to the United States of America, the sum of $373.66." The order, in effect, is an allowance of a claim against the estate. The only question necessary to be decided is whether the court had jurisdiction to make the order.

The record discloses the administrator was duly appointed, qualified, and entered upon his duties, making and returning inventory and publishing notice to creditors as required by our statutes. § 6-1601, Wyoming Compiled Statutes, 1945. Some four years, two months and five days after the six months period following the first publication of the notice to creditors and after the time within which our statute required creditor's claims to be filed or be forever barred, the United States filed, for the first time, a claim for $149.29 with interest, as a balance allegedly due from the deceased upon a promissory note signed by the deceased and given by her to Construction Materials Company. The note was acquired by the United States more than four years after the death of the deceased and more than three and one-half years after the time had expired for filing creditor's claims. As the filing was not within time limited by law, the administrator properly rejected the same.

Throughout the briefs and arguments of both counsel, it was assumed that § 6-1601, Wyoming Compiled Statutes, 1945, providing for publication of a notice to creditors and § 6-1603, W.C.S., 1945, requiring the

filing of claims against the estate within the time limited therein, were statutes of limitation. This is understandable because in § 6-1601 and, again, in § 6-1603, W.C.S., 1945, it is said claims which are not so filed are forever barred. The meaning of the word "barred", as used in these statutes, has been explained by this court. In Delfelder v. Land Co., 46 Wyo. 142, 168, 24 P.2d., 702, 707, it was said "The term 'barred' is a technical term, and is applied to actions or suits." In Dallas Dome Wyoming Oil Fields Co. v. Brooder, 55 Wyo. 109, 138, 97 P.2d., 311, 322, the above was quoted with the further statement "in other words, refers to the same things as section 88-3109, supra (§ 6-1609 W.C.S., 1945)." (parenthesis supplied.) This last section provides "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator * * *". We also note that in its opinion the court termed these sections as "special statutes of limitation". However, these statutes do not render invalid debts which are otherwise valid and subsisting, although they do bar the collection or payment of the debt from assets in the hands of a personal representative who, under our law, must apply those assets only in the manner, to the extent, and under the conditions prescribed by the legislature of this state. Thus, in a probate proceeding respecting the assets of the deceased situate in some other jurisdiction, the identical claim which has become forever barred in this state for failure to properly file the same in accordance with our laws and procedure, may be required to be paid and the property of the deceased so situated elsewhere, may be subjected to the payment of the debt, provided the laws and procedures of that other jurisdiction are observed and complied with.

Our legislature has mandatorily barred creditor's claims against the estate of a decedent probated in this state, unless such claims are presented and filed within the definitely limited time prescribed by our statutes with some exceptions not present here. Neither the administrator nor the presiding judge was clothed with authority to allow the claim, and it follows that the court's order decreeing that the administrator should pay the claim out of the funds of the estate was an order made in excess of its jurisdiction. Most of our probate code is taken from California. The decisions of that state hold explicitly that neither the personal representative nor the court has authority to allow any claim which is barred by statutes of limitations, and this court has followed those holdings. See Ellis v. Cauhaupe, 71 Wyo. 475, 483, 484, 485, 486, 260 P.2d., 309, 311, 312, where a satisfactory exposition of these conclusions appears. In re Girard's Estate, 105 C.A. 2d., 102, 103, 233 P.2d., 56, 57, it was held that a probate judge has no jurisdiction to order paid a claim which has been rejected in whole or in part by the administratrix and that an order of the probate court refusing to exceed its jurisdiction in this respect is not an appealable order. The converse then should be true, and a court which does exceed its jurisdiction by decreeing and ordering the administrator to pay a claim which the administrator has rejected in observance of the mandatory provisions of our statutes, has made an order which is beyond its jurisdiction. This is an appealable order and must be reversed. Another California case, In re Erwin's Estate, 117 C.A. 2d, 203, 255 P.2d., 97, approves a holding made in In re Estate of Hincheon, 159 Cal. 755, 760, 116 P. 47, 49, 36 L.R.A. N.S. 303, that the probate court could not relieve claimant of the consequences of his own neglect by directing the admin-

istratrix to pay a demand which became barred by his failure to pursue the plain requirements of the statute. Also In re Dotson's Estate, 154 Kan. 562, 119 P.2d., 518, 523, after finding that under its law the state of Kansas had failed to make its claim against the deceased's estate within the time limited by notice to creditors, the court held the claim to be forever barred, saying, "the state is in the same position as any other creditor." The In re Erwin's Estate case, supra, also held that it was the duty of both the administrator and the probate judge to protect the estate against the collection of a debt which the statutory law expressly declares is barred forever.

We must, therefore, hold that the processes of the courts of this state may not be used to enforce the payment of claims against an estate of a deceased which have not been presented and filed in accordance with requirements made mandatory by our legislative bodies. To do otherwise would be to override the lawful exercise of legislative prerogative. This we may not do.

The order of the district court must be reversed, with instructions to vacate the same.

*Reversed.*

BLUME, C. J. and PARKER, J. concur.

## ON PETITION FOR HEARING.

An application for rehearing was filed in this case and was denied without Opinion on September 11, 1956.