Marjorie F. JACKSON, Appellant
(Plaintiff below),

v.

WYOMING STATE TREASURER ex rel.
WORKMEN'S COMPENSATION DE-
PARTMENT, Appellee (Defendant below).

No. 4293.

Supreme Court of Wyoming.

April 29, 1974.

Rehearing Denied June 4, 1974.

Ernest Wilkerson, New York City, for appellant.

Donald L. Painter, Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Plaintiff, Marjorie F. Jackson, whose husband, an employee covered by Workmen's Compensation had been killed during 1968 in an employment related motor vehicle accident, was awarded under the provisions of § 27-87, W.S.1957, $13,000 payable at the rate of $165 per month, plus $600 burial and $40 ambulance expenses.. Thereafter at a time when she had been paid eighteen of the monthly installments she re-

ceived a $30,000 settlement from a party whom she had sued as being responsible for her husband's death. Under the rationale that when a deferred account is established in favor of a claimant the money has been "paid," the state treasurer, relying on § 27–54, W.S.1957,[1] requested reimbursement in the sum of $13,333.33, itemized as:

| | |
|---|---|
| Settlement: | $30,000.00 |
| Less one-third for costs of collection: | 10,000.00 |
| Balance remaining: | $20,000.00 |
| Less one-third to claimant: | 6,666.66 |
| Balance remaining and payable to the Workmen's Compensation Department: | $13,333.33. |

The widow's counsel responded that under the wording of the statute any reimbursement was confined to the amount which had been paid at the time of the third-party settlement and that the sum she was obligated to repay was only $1,604.45. The resulting impasse culminated in a declaratory judgment action by Mrs. Jackson under § 1–1049 et seq., W.S.1957, praying that the Workmen's Compensation Department on payment of the last-mentioned amount be required to give her acquittance of any further liability. Plaintiff also indicated in the complaint her opinion that the law as intended to be applied was unconstitutional, violating the Fifth, Thirteenth, and Fourteenth Amendments of the U.S.Const., and Art. 1, § 6, Wyo.Const. In the answer, defendant alleged that as of October 31, 1969, the date of settlement by plaintiff, she had received compensation in the amount of $640 as well as monthly payments totaling $2,940 of the $13,000 award, which had been placed in a deferred account payable to her benefit, resulting in a total expenditure by the defendant in plaintiff's behalf as of October 31, 1969, of $13,640 and that under the formula set forth in § 27–54, in effect at the time of the death of her husband, the balance payable to the department was $13,333. Defendant thereafter moved for and was granted summary judgment, the court concluding that § 27–54, prior to the amendment effected by § 1, c. 191, S.L. of Wyoming 1969, governed and that under it defendant was entitled to reimbursement in the amount of $13,333, and further, that the law did not violate Art. 1, § 6, Wyo. Const., or the Fifth, Thirteenth, or Fourteenth Amendments, U.S.Const. Plaintiff has appealed.

In essence plaintiff now argues before this court that while the parties agree that the statute in effect was § 27–54 as it stood at the time of the death of her husband defendant takes the position that the

---

1. "Where an employee coming under the provisions of this act receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee if engaged in extra-hazardous work for his employer at the time of the injury shall not be deprived of any compensation which he would otherwise receive under this act. He may also pursue his remedy at law against such third person, except he shall not be entitled to a double recovery for those injuries for which he has been paid compensation under this act or under orders of the district court. In the event that such employee recovers from such third person, in any manner, including judgment, compromise, settlement or release, the proceeds of said recovery for those injuries for which he has been paid compensation under this act shall be divided as follows:

"After deducting the reasonable cost of recovery or collection, which cost shall not exceed thirty-three and one-third per cent (33⅓%), one-third (⅓) of the remainder shall in any event be paid to the injured employee or his personal representative or other person entitled to bring action. Out of the balance remaining, the industrial accident fund shall be reimbursed, if said balance be sufficient or to the extent of said balance if insufficient, for the total amount of all awards received by the injured employee under this act, including all moneys paid to him or in his behalf for doctor and hospital bills, and for any other purpose in his behalf. Any balance remaining shall be paid to the employee or his personal representative or other person entitled to bring action; and the total amount of such reimbursement shall be credited and apportioned to the respective fund or funds from which the said awards of compensation were withdrawn. " * * * * * "

words "or reasonably anticipated to be received," added by the 1969 amendment, were a part of (inescapably, by implication, because they were not actually) the original statute which controls plaintiff's obligation, and insists that the amorphous "or reasonably anticipated to be received" is blatantly vulnerable to constitutional attack. Since we consider defendant's position *not* to be as plaintiff thus sets forth, we see no occasion to enter into a discussion of the 1969 amendment and the envisioned constitutional problems.

Section 27–54 makes clear the lawmakers' intent that an employee is not entitled to a double recovery for injuries and provides that the industrial accident fund shall be reimbursed for the total amount of all awards received by an employee—§ 27–87, stating that a surviving spouse shall receive $13,000 but that in every case the award shall be paid in monthly installments.

 Claimant does not directly question the defendant's statement in the brief that she "received" the $13,000 award although the money had not actually been paid in full to her. Instead she criticizes the inequities of the statutes—as they apply to circumstances such as those in the present instance—which provide that if a surviving spouse shall remarry or die before all the award has been paid, the undistributed portion of it shall revert to the industrial accident fund to be credited and apportioned to the respective fund from which it has been withdrawn.[2] If any claimant who recovers from a third party because of an accident is disturbed regarding the inequities of a possible double recovery by the employer's fund, this would undoubtedly be a matter which could be raised in an application to the court under § 27–87 to secure a lump-sum settlement at which time full consideration could be given to the situation. Aside from that, plaintiff's claimed inequities and incongruous results of the statutes cannot be resolved by courts but must be presented to the legislative body for necessary correction.

Affirmed.

GUTHRIE, Justice (concurring in the result).

I concur in the result herein. However, I do not join in that portion of the foregoing opinion which suggests that claimant's sole remedy rested in § 27–87, W.S.1957, nor do I adhere to the view that inequities or incongrous results are beyond the resolution of this court if constitutional questions arise as the result of the application of such statutes.

McEWAN, Justice (dissenting).

I understand that Workmen's Compensation contends it is entitled to be reimbursed the entire $13,000.00 award made to the widow regardless of whether or not she has actually received the money.

The Workmen's Compensation Department determined that plaintiff, as the widow of an employee covered by Workmen's Compensation, was entitled to an award of $13,000.00 payable at the rate of $165.00 per month (§ 27–87, W.S.1957). Upon such determination the Department transferred the $13,000.00 from its general fund to its deferred payment account.

In order to prevent a double recovery by an injured workman or his widow (that is, recovery from the third party and also recovery from Workmen's Compensation), § 27–54, W.S.1957, 1973 Cum.Supp., provides for reimbursement to Workmen's Compensation upon recovery by the injured workman or his widow from a third party. That provision is fair and equitable, and under § 27–54, the Department is entitled to be reimbursed for monies " * * * received by the injured employee * * *" or his widow from Workmen's Compensation. To say that monies interdepartmentally transferred by Workmen's Compensation into a deferred account are monies " * * * received by the injured em-

2. Section 27–88, W.S.1957.

ployee * * *" is sheer folly. The recipient of the award of $13,000.00 payable at the rate of $165.00 per month has no control over the deferred account. It is held and administered solely by Workmen's Compensation. The widow has in no way received the money until it is actually paid to her at the rate of $165.00 per month.

The $13,000.00 award, or that amount remaining unpaid to the widow ceases as to her upon her death or remarriage. Although Workmen's Compensation argued that upon a payment of the $13,000.00 into the deferred account such award and sum became inviolable and renders absolute her ultimate receipt of the entire $13,000.00, that is just not so. Section 27-88, W.S. 1957, provides that if the surviving spouse remarries before all of said award has been paid, then she would be entitled to receive the sum of $350.00 out of the unpaid balance of said award, further payment would cease, and any balance of the award revert to any dependent children. If there were no dependent children the unpaid balance of such award would return to the general fund and be credited to the employer's balance. If the surviving spouse should die before all of the award had been paid, then any unpaid balance would revert to the dependent children, if any. If there were no dependent children, then the balance would revert to the general fund and be credited to the employer's balance.

Thus, if the widow died and left no surviving children, or remarried without having dependent children, all payments would cease to her and Workmen's Compensation would, in effect, have made recovery for sums not paid to the injured employee's widow. This would be unfair and inequitable. During oral argument counsel for Workmen's Compensation stated that under general equitable principles the Department would have to reimburse the widow or her estate for any monies not actually paid to her. Although counsel stated that in the past there had never been a situation in which the widow died prior to the entire amount having been paid to her, there have been cases in which she remarried and, upon advice of counsel, the balance remaining in the deferred account was paid to her.

I would therefore hold that the Department should be reimbursed for monies actually paid to the widow and further payments as to her cease. So far as monies paid out by the Department are concerned, that is in effect what the Department would do according to its counsel. I would give effect to the statute and do that which, in my opinion, it clearly dictates.

The question of Workmen's Compensation paying its fair share of attorney's fees and costs of collecting damages from third persons appears not to have been litigated below although it was raised in the initial pleadings. It again appears to me most inequitable that the Department does not assume such burden. It in effect got a free ride.

McINTYRE, J., concurs in the dissent of McEWAN, J.