Glo C. WEST, individually, and Glo C. West as the Personal Representative of the Estate of Elbert Leroy West, Appellant (Plaintiff),

v.

WYOMING STATE TREASURER, Appellee (Defendant).

No. 90–159.

Supreme Court of Wyoming.

Dec. 20, 1991.

Jack Gage, argued of Gage & Moxley, Cheyenne, and Carolina A. Papa, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., and Ron Arnold, Sr. Asst. Atty. Gen., argued, for appellee.

Before THOMAS, CARDINE, MACY and GOLDEN, JJ., and LEIMBACK, District Judge.

CARDINE, Justice.

Appellant sought a declaratory judgment that she was not required to reimburse, out of a third party $399,000 wrongful death recovery, two-thirds of the $72,316.51 worker's compensation benefits paid to decedent's survivor beneficiaries. The trial court held that the third party wrongful death recovery was subject to a statutory lien requiring reimbursement of worker's compensation benefits and further that the State was not obligated to file a creditor's claim in the decedent worker's estate.

We affirm.

Appellant states the issues as follows:

"1. The lien provisions of Wyoming's Worker's Compensation Statute conflict with the Provision of Wyoming's Wrongful Death Statute that no debts of the decedent may be satisfied from proceeds in a wrongful death action. The issue is, which statute language will prevail?

"2. Extant Wyoming case law requires a claimant, including the State of Wyoming, to file a claim against an estate in order to collect from an estate. The Worker's Compensation Division failed to file a claim. Is the Division therefore foreclosed from enforcing its lien?"

On July 8, 1986, Elbert Leroy West was hauling lumber from Fox Park to Casper, when the eighteen-wheel semi tractor/trailer he was driving rolled over near Casper. Mr. West was crushed in the cab of the truck and received serious injuries. He was taken to the hospital in Natrona County, where he died on July 17, 1986. Mr. West was survived by his widow, Glo Christie West, two sons who were emancipated and no longer lived in the home, and an unmarried minor daughter who still resided in the family home.

At the time of the accident, Mr. West was employed by Jem Supply and Equipment Company (Jem). Jem contested an award of worker's compensation benefits to Mr. West arguing that he was an independent subcontractor. The question of worker's compensation coverage was then litigated in the Albany County District Court. The court determined that Mr. West had suffered a compensable, work-related injury while employed by Jem. It awarded worker's compensation benefits to Mr. West and to his estate as follows:

| | |
|---|---|
| Total Medical | $15,687.69 |
| Total Temporary Disability | 226.46 |
| Total Court Costs | 1,529.92 |
| Total Death Award | 54,872.44 |
| Total Benefits Awarded | $72,316.51 |

Glo West, as personal representative of Mr. West's estate, filed a wrongful death action against third party Brent & Wicklund Forest Products, Inc. (Brent & Wicklund). The suit alleged that Brent & Wicklund was liable for damages for Mr. West's death. Mrs. West negotiated a structured settlement with Brent & Wicklund, having a present value of $399,009.00.

Based on the settlement, the Wyoming State Treasurer requested reimbursement of $48,211.01, or two-thirds of the worker's compensation benefits paid on account of Mr. West's injuries and death. Although Mrs. West had published notice to creditors in the probate proceedings, the Treasurer did not file statutory notice of claim against Mr. West's estate for reimbursement.

On May 23, 1989, Mrs. West filed this action for declaratory judgment in which she argued that the Treasurer did not have a right to reimbursement. After receiving memoranda from both parties, the trial court on May 11, 1990, issued findings of fact, conclusions of law and order finding that the wrongful death statute, when read *in pari materia* with the worker's compensation statutes, did not prohibit a lien for reimbursement of worker's compensation benefits on the proceeds of third party wrongful death recovery. It ruled that the Treasurer had a valid lien against the settlement proceeds in the amount of $48,211.00. Mrs. West filed timely appeal from this order.

The State's lien and right to reimbursement in this case were obtained under the former W.S. 27–12–104 (June 1983 Repl.), which provided as follows:

"(a) If an employee covered by this act [§§ 27–12–101 through 27–12–804] receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages, the employee if engaged in extrahazardous work for his employer at the time of the injury is not deprived of any compensation to which he is entitled under this act. He may also pursue his remedy at law against the third person. If the employee recovers from the third person in any manner including judgment, compromise, settlement or release, the total proceeds, without regard to the types of damages alleged in the third-party action, of the recovery shall be divided as follows:

"(i) After deducting the reasonable cost of recovery or collection not to exceed one-third (⅓) of the recovery, one-half (½) of the remainder shall be immediately paid to the injured employee, his personal representative or other person granted the recovery and up to one-half (½) shall be paid to the state treasurer in reimbursement for the total amount of all awards received or in absence of a disclaimer of any unpaid balances to be received by the injured employee under this act including all monies paid to him or in his behalf, less the state's pro rata

share of costs of recovery or collection. The state treasurer shall credit and apportion the reimbursement to the accounts from which the awards were paid, pro rata if necessary. Any balance remaining shall be paid to the employee, his personal representative or other person granted the recovery.

"(b) If an injured employee has received compensation under this act, the state through the state treasurer has a right and interest in all actions for damages brought by any injured employee against a person other than his employer, and shall be served by registered or certified mail with a copy of the complaint filed in the suit.

"(c) If there is a settlement, compromise or release entered into by the parties in claims against a person, other than the employer, the attorney general representing the state treasurer shall be made a party in all such negotiations for settlement, compromise or release. The attorney general and the director, for purposes of facilitating compromise and settlement, may in a proper case authorize acceptance by the state of less than the state treasurer's claim for reimbursement. The proceeds of any judgment, settlement, compromise or release are encumbered by a lien in favor of the state to the extent of the total amount of the state treasurer's claim for reimbursement under this act. The lien shall remain in effect until the proceeds have been distributed to the parties entitled thereto in accordance with these provisions.

"(d) If the injury causes the death of the employee, the rights and remedies in this section inure to and the obligations are binding upon the personal representative of the deceased employee for the benefit of his or her dependents."

■ Appellant attacks the State's right to recover worker's compensation under this statute on several grounds. First, she argues that this statute, as applied to her case, conflicts with the Wrongful Death Act provision shielding recovery from creditors when the deceased is survived by a

widow. Wyoming Statute 1–38–102 (June 1988 Repl.), dealing with wrongful death actions, provides:

> "(b) If the deceased left a husband, wife, child, father or mother, no debt of the deceased may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section."

Appellant contends that since Mr. West left a wife when he died, no "debt" of his may be satisfied out of the proceeds of her wrongful death settlement with Brent & Wicklund. The Wyoming State Treasurer's claim for reimbursement of worker's compensation benefits, she argues, represents such a "debt" of the deceased.

The State responds that there is no conflict because monies paid to the injured worker do not constitute "debts of the decedent." We agree with the State that these two statutes can be harmonized and that the reimbursement claim and lien are not barred by the Wrongful Death Act.

Our rules for construing statutes are well established.

> " 'If the language of a statute is clear and unambiguous, we must abide by the plain meaning of the statute, but where a statute is ambiguous, the court will resort to general principles of statutory construction in an attempt to ascertain legislative intent. Furthermore, it is a fundamental rule of statutory interpretation that all portions of an act must be read *in pari materia,* and every word, clause, and sentence must be construed so that no part is inoperative or superfluous.' " *Matter of Paternity of JRW,* 814 P.2d 1256, 1262–63 (Wyo.1991), quoting *Deloges v. State ex rel. Worker's Comp. Div.,* 750 P.2d 1329, 1331 (Wyo.1988) (citations omitted).

Furthermore, "[l]egislative intent should be ascertained, as nearly as possible, from the language of the statute viewed in the light of its object and purpose." *Moncrief v. Harvey,* 816 P.2d 97, 105 (Wyo.1991). *See also Allied–Signal, Inc. v. State Bd. of Equalization,* 813 P.2d 214, 219 (Wyo. 1991). Statutes relating to the same subject are read together to ascertain legislative intent. *Longfellow v. State,* 803 P.2d 1383, 1387 (Wyo.1991).

At issue is whether the claim and lien for reimbursement can be included in the meaning of the phrase "no debt of the deceased may be satisfied out of the proceeds of any judgment obtained [under the Wrongful Death Act]." The Wrongful Death Act does not contain a definition of "debt of the deceased," and we have located no case law defining that term. However, we find the definition of "debt" contained in the probate code useful because it deals with debts of a decedent under similar circumstances.

Wyoming Statute 2–1–301(a)(ix) (July 1980 Repl.) defines "debt" for purposes of the probate code as follows: " '[d]ebts' include *liabilities of the decedent which survive,* whether arising in contract, tort or otherwise." (emphasis added) As the State points out, the obligation for reimbursement of wrongful death proceeds is not a liability of the decedent since it only comes into existence *after* the decedent is dead and others receive an award from a third party on account of his death. Furthermore, the lien attaches only to the wrongful death recovery and not to other assets of the decedent's estate. Thus, the State's claim for reimbursement cannot be considered a "liabilit[y] [or debt] *of the decedent*" under either the language of W.S. 1–38–102 or the probate code definition. Neither the decedent nor his estate in general are liable for repaying worker's compensation, and so it is not "his" debt. We therefore hold that the wrongful death proceeds in this instance are not protected by the wrongful death provision which shields them from "debts of the decedent."

■ Appellant next argues that W.S. 27–12–104 does not apply to the "death benefit" portion of worker's compensation benefits paid to Mr. West's estate because it was not "received by" the employee, Mr. West, or paid "in his behalf." *See* W.S. 27–12–104(a)(i). We agree with the State that the death benefit was paid on Mr. West's behalf. When a covered worker dies, worker's compensation replaces his salary by paying his dependents. This benefit is

obviously designed to replace income which the worker would have earned for his dependents had he been alive.

Furthermore, the plain language of W.S. 27–12–104 shows a legislative intent to include the death benefit in the reimbursement and lien provisions. Wyoming Statute 27–12–104(c) states that "[t]he proceeds of *any* judgment, settlement, compromise or release are encumbered by a lien in favor of the state to the extent of the total amount of the state treasurer's claim for reimbursement under this act." (emphasis added) Wyoming Statute 27–12–104(d), quoted above, clearly contemplates recovery in cases where the worker has died:

"If the injury causes the death of the employee, the rights and remedies in this section inure to and the obligations are binding upon the personal representative of the deceased employee for the benefit of his or her dependents."

Reading these statutes together, we reject appellant's contention that W.S. 27–12–104 does not apply to the death benefit.

■ Finally, appellant argues, since evidence of the decedent's medical bills is not admissible into evidence in a wrongful death suit, a jury will be unaware that these expenses will be deducted from its verdict by worker's compensation recovery. Appellant argues this has the effect of burdening a widow, who is limited to recovery for damages for "care, comfort and society," with her deceased husband's medical bills, since their cost will be deducted from her recovery. While this may be true, if there were no worker's compensation, appellant would still be liable for her husband's medical bills, or at least for the reasonable value of the services provided him. The Family Expenses Doctrine, codified in our statutes at W.S. 20–1–201 (June 1987 Repl.), states that

"[t]he necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, for which they may be sued jointly or separately."

The State merely seeks recoupment of what it has already paid out. Our interpretation of the plain language of W.S. 27–12–104, allowing the State to seek recoupment under these circumstances, is correct even though the surviving spouse may not recover these expenses from a third party. Nor can we, in the absence of unconstitutionality, simply disregard what the legislature has provided in order to achieve a sought-after result.

What appellant really asks in this case is for a double recovery. She wants compensation benefits from the State and a third party tort recovery for the same loss. Appellant argues that the two recoveries are not for the same loss, because W.S. 1–38–102(c) specifically provides wrongful death damages for the survivor's loss of "probable future companionship, society and comfort." Appellant thus attempts to distinguish non-economic damages under the Wrongful Death Act from economic "damages" under the Worker's Compensation Act. However, such a distinction is unjustified, since the Wrongful Death Act allows recovery for both economic and non-economic damages: "The court or jury, as the case may be, in every such action may award such damages, pecuniary and exemplary, as shall be deemed fair and just." W.S. 1–38–102(c).

As we said in a slightly different context in *Stephenson v. Mitchell ex rel. Workmen's Comp. Dep't*, 569 P.2d 95, 99 (Wyo. 1977):

" 'It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer [here, the State] so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and to give the employee the excess. This is fair to everyone concerned: the employer [the State], who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a windfall to him which he has done

nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone.' " (quoting A. Larson, *Workmen's Compensation Law* § 71.20 at 14–2, 14–3 (1976).)

Interpreting a previous version of W.S. 27–12–104, we also said in *Jackson v. Wyoming State Treasurer ex rel. Workmen's Comp. Dep't,* 521 P.2d 571, 573 (Wyo.1974), that it

"makes clear the lawmakers' intent that an employee is not entitled to a double recovery for injuries and provides that the industrial accident fund shall be reimbursed for the total amount of all awards received by an employee * * *."

Industrial accidents are a tragedy, particularly those leading to loss of life. We are aware that no amount of money can ever truly reimburse Mrs. West and her children for the loss of their husband and father. However, our statute requires that the State be reimbursed from wrongful death proceeds for worker's compensation it has paid. This reimbursement is not a "debt of the decedent" so as to immunize the wrongful death recovery from reimbursement. Although we are not unmindful of the loss suffered by Mrs. West and her children, any change in our statutory arrangements must come from the legislature.

As was said in *Martinez v. Ashland Oil, Inc.,* 132 Wis.2d 11, 390 N.W.2d 72 (1986), in which the court interpreted a third party reimbursement provision similar to our own:

"The Worker's Compensation Act is a legislatively created substitute for the common law rather than a supplement

thereto. Moreover, worker's compensation is wholly statutory and questions regarding public policy should be determined by the legislature, not the courts. In addition, 'worker's compensation laws constitute an all-pervasive legislative scheme which attempts to effect a compromise between the employer and the employee's competing interests. Worker's compensation laws are economic regulations whereby the legislature has balanced competing societal interests.' " *Martinez* 390 N.W.2d at 74 (citations omitted).

■ We now turn to appellant's second issue. It concerns whether the State was required to file a creditor's claim with Mr. West's estate. Wyoming Statute 2–7–201 (July 1980 Repl.) requires the personal representative of a decedent's estate to publish notice to creditors.[1] This notice informs creditors that they must file notice of any claim against the estate with the clerk of court within three months of the first date of publication or unless otherwise allowed or paid the claim will be forever barred. Wyoming Statute 2–7–703(a) (July 1980 Repl.) similarly provides that "all claims whether due, not due or contingent, shall be filed in duplicate with the clerk within the time limited in the notice to creditors and any claim not so filed is barred forever." Wyoming Statute 2–7–703 is a "nonclaim statute." Such statutes bar creditors' claims for failure to file within a time period fixed by notice in the probate proceeding. *See Kuntz v. Kinne,* 395 P.2d 286, 288 (Wyo.1964). There is no dispute that Mrs. West, as personal representative of her husband's estate, properly published notice to creditors, or that the State failed to file notice of claim.

---

1. The version of this statute cited here was declared unconstitutional by this court in *Hanesworth v. Johnke,* 783 P.2d 173 (Wyo.1989), because it failed to require adequate notice to claimants. Neither party raises unconstitutionality as an issue in this case, and the record does not disclose whether the State should have received or did receive notice beyond publication. We stated in *Hanesworth* that our determination of unconstitutionality would not apply retroactively to probate proceedings finalized under the old publication system prior to April 19, 1988. We do not have information in the record as to

when probate of Mr. West's estate was finalized. We do know that first publication was made on December 3, 1987, and that the three-month period thus expired on March 3, 1988. Since unconstitutionality is not raised and there is not an adequate record to pass on it, we will not consider the question of whether the State's failure to file a claim could be excused because of constitutionally-inadequate notice.

Wyoming Statute 2–7–205(a), effective February 24, 1989, has cured the unconstitutional infirmity of 2–7–201. *Hanesworth,* at 176, n. 4.

Appellant argues that the State's claim for reimbursement is a "claim" within the meaning of these statutes. Therefore, appellant reasons, the State's failure to file a creditor's claim within the stated time period means the State is "forever barred" from asserting its claim for reimbursement against the wrongful death proceeds, now a part of the decedent's estate. Proper resolution of appellant's contention requires that we consider two sub-issues: (1) whether wrongful death proceeds are part of the decedent's estate, so as to require creditors seeking recovery against them to file a claim against the estate; and, if so, (2) whether the State's claim for reimbursement constitutes a "claim" within the meaning of the probate statutes.

We begin with a determination of whether wrongful death proceeds are part of the decedent's estate. If they are not, then the procedural bar of W.S. 2–7–703(a) cannot apply to an action for a debt brought against them. Wyoming Statutes 2–7–703(a) and 2–7–201 deal only with creditor claims *against the decedent's estate*.

The State cites *DeHerrera v. Herrera*, 565 P.2d 479 (Wyo.1977) for the proposition that wrongful death recoveries do not become part of the decedent's estate. *DeHerrera* concerned the survival of an action for personal injuries brought by the decedent prior to his death. The decedent had died from causes unrelated to the injury complained of. We held that under the survival statute the decedent's action for personal injuries could survive his death and be carried on by the administrator of his estate. To explain our holding, we discussed the difference between a wrongful death action and an action carried on under the survival statute.

"The amount recovered [in a wrongful death action] does not become a part of the decedent's estate and is not liable for debts of the estate or subject to estate administration. *Jordan v. Delta Drilling Company*, Wyo.1975, 541 P.2d 39, 42.

" * * * [T]he wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider." *DeHerrera*, at 482.

The *Jordan* case, alluded to in *DeHerrera*, concerned the question of whether a decedent's illegitimate child could recover damages for the wrongful death of his or her parent. In the course of answering this question, we explained why wrongful death proceeds do not become a part of the decedent's estate:

"The Wyoming statute authorizing wrongful death actions is part of the civil code of this state and not a part of the probate code. The designation of an administrator is no more than a statutory device to provide a party for a civil action to collect damages and pay them over to the persons entitled. * * * The amount of recovery does not become a part of the decedent's estate. *Tuttle v. Short*, 1930, 42 Wyo. 1, 18, 288 P. 524, 529, 70 A.L.R. 106, 112. This is true even though the administrator or executor must bring the action. *Bircher v. Foster*, Wyo.1963, 378 P.2d 901, 902." *Jordan*, 541 P.2d at 42.

*DeHerrera* and *Jordan*, were followed by *Wetering v. Eisele*, 682 P.2d 1055 (Wyo. 1984). In *Wetering*, the issue was whether the surviving brothers and sisters of the decedent could bring an action for wrongful death. The 1973 amendment to what is now W.S. 1–38–102 did not identify those persons for whose benefit a wrongful death action could be brought. We concluded that those persons were identified in the statute on intestate distribution.

There follows the court's pronouncement that wrongful death recovery, although "treated" as part of the probate estate, would be subject to "special rules as to distribution." *Wetering*, at 1061. Although these "special rules" were not defined, it is clear from the context that they were those provided in the intestacy statute as well as exemption from creditors' claims as provided in the wrongful death statute. Thus, the nonclaim bar of W.S. 2–7–703 does not apply to the State's right to recovery of moneys which are not a "debt of the decedent." Therefore, there is no

requirement that the State file a claim with the estate.

Since we have decided that the nonclaim statute does not apply, it is unnecessary to consider the second subissue in order to affirm judgment for the State on the "filing of claim" issue. However, we do note that the chief case cited by appellant concerning the government's obligation to conform to the nonclaim statute, *State ex rel. State Board of Charities & Reform v. Bower*, 362 P.2d 814 (Wyo.1961), *reh. denied* 363 P.2d 791 (1961), holds that a governmental reimbursement claim *made against the deceased's estate* is subject to the nonclaim statute. Since as discussed above in this case the claim was against the wrongful death proceeds in particular rather than against the decedent's estate in general, *Bower* cannot be considered controlling precedent.

The order of the trial court is affirmed.

LEIMBACK, District Judge, files a dissenting opinion.

LEIMBACK, District Judge, dissenting.

I disagree with the majority on the issue of whether wrongful death proceeds are part of the estate, so as to require creditors to file a claim with the estate. The majority relies on *DeHerrera v. Herrera*, 565 P.2d 479 (Wyo.1977) for the proposition that wrongful death proceeds are not part of the decedent's estate. This approach disregards *Wetering v. Eisele*, 682 P.2d 1055 (Wyo.1984) (modified on other grounds *Butler v. Halstead by and through Colley*, 770 P.2d 698 (Wyo.1989)), in which we said that under the current wrongful death statute:

> The only proper way to effectuate [the intent of the legislature] is to treat the proceeds of the judgment [in a wrongful death action] as being subject to administration as part of the probate estate, but with special rules as to distribution.
>
> This is clearly a different result than that which pertained prior to 1973 [when the wrongful death statute was amended] in which the judgment in a wrongful death action did not become a part of the decedent's estate and was not subject to

debts or administration. *DeHerrera v. Herrera, supra.* * * * We further must assume that the legislature did not intend futile acts and that its amendment of the statute indicated some change in the existing law was intended. *DeHerrera v. Herrera, supra.*

*Wetering*, 682 P.2d at 1061 (citations omitted).

The majority attempts to distinguish *Wetering* by emphasizing the language that wrongful death recovery is subject to "'special rules as to distribution.'" (Majority at 1275, quoting *Wetering*, 682 P.2d at 1061). It writes that "it is clear from the context [in *Wetering*] that they were those provided in the intestacy statute as well as exemption from creditors' claims as provided in the wrongful death statute." (Majority at 1275). The majority completely ignores the language in *Wetering* to the effect that the legislature intended to change the law regarding whether wrongful death judgments should be subject to debts or administration. I read *Wetering* to mean simply that the "special rules as to distribution" are these:

1. The statute providing for intestate descent and distribution defines the class of persons on whose behalf a wrongful death action may be brought. See W.S. 2–4–101 (Supp.1991).

2. As each person benefitted by the wrongful death action may prove his respective damages, W.S. 1–38–102(c), the distribution of wrongful death proceeds will be in accord with the amount of each beneficiary's proven damages rather than with the intestate distribution formula prescribed by W.S. 2–4–101.

Unlike the majority, I do not believe it is at all "clear from the context" that the "special rules" in *Wetering* extend to exemption from creditors' claims in the wrongful death statute.

If one combines the majority's conclusion that a lien for reimbursement of death benefits is not a "debt" of the decedent with the language in *Wetering* indicating that wrongful death judgments are part of the probate estate, the logical conclusion is

that the Worker's Compensation Division may assert a lien for reimbursement against a wrongful death judgment. The remaining issue is whether the Division is foreclosed from enforcing its lien because it failed to file a claim against the estate. I submit that the Division is foreclosed from collecting the debt from assets in the hands of decedent's personal representative.

W.S. 2–7–703(a) (Supp.1991) (as amended to provide for notice to creditors as mandated by *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988)) states in part, "all claims whether due, not due or contingent, shall be filed in duplicate with the clerk within the time limited in the notice to creditors and any claim not so filed is barred forever." The legislature has mandatorily barred creditors' claims against the estate of a decedent probated in this state, unless such claims are presented and filed within the definitely limited time prescribed by the statutes. *Matter of Estate of Peterson*, 75 Wyo. 416, 296 P.2d 504, 505 (1956). Thus, a probate court's order decreeing that the personal representative pay the claim out of the funds of the estate is an order made in excess of its jurisdiction. *Id.*

The case of *State ex rel. State Board of Charities & Reform v. Bower*, 362 P.2d 814, *reh'g denied*, 363 P.2d 791 (Wyo.1961), is particularly relevant. In *Bower*, the state filed a claim against the decedent's estate to recover costs for her care in the Wyoming State Hospital. The state filed its claim well after the time limit specified in the statute for filing of creditors' claims. We held that, regardless whether the estate was required to reimburse the state for the decedent's care, the state's claim was time-barred. We noted:

> The question presented here * * * is whether the liability for [the cost of care at the State Hospital] may be satisfied from the assets of the deceased without the State's observing the procedural conditions precedent which have been imposed by the State's own legislature. Had it been the legislative purpose to exempt the State from compliance with those precedent procedures, it might eas-

ily have done so. The failure to except the State from the barring provision of the statute makes necessary the plain implication that the law-making arm of the State's government did not intend that the State should be relieved of the requirement. * * * If the legislature did not see fit to say the door should be left open indefinitely for the State to come forward with its legitimate claim against the estate, it would be highly improper for this court to read into its statute an exception which the enactment did not see fit to incorporate within it.

*Id.* at 822–23. The majority attempts to avoid the clear import of *Bower* by holding that a wrongful death judgment is not part of the decedent's estate. But once we accept the proposition in *Wetering* that such a judgment is part of the estate, *Bower* teaches that the state, like all other creditors of the estate, must honor the requirements of the Wyoming Statutes.

"[T]he object of probate proceedings in connection with estates of deceased persons is to wind up the affairs of a decedent in an orderly manner and to make distribution of assets remaining to persons entitled as speedily as is practicable." *Lo Sasso v. Braun*, 386 P.2d 630, 632 (Wyo.1963). Permitting creditors to file claims years after the decedent's death frustrates this object. *See Bower*, 362 P.2d at 822. Thus, Wyoming has imposed the limitation on the time within which a creditor may assert claims against an estate. The majority's result would contravene both the object of winding up a decedent's affairs rapidly and the clear intent of the legislature.

The Worker's Compensation Division may not be entirely foreclosed from collecting on its lien. It is unclear from the record whether the Division received proper notice of the probate of decedent's estate. The Division has conceded that it had notice. Yet if it was not given proper notice, the failure of notice would constitute a denial of due process. *See Tulsa Professional Collection Services, Inc.*, 485 U.S. 478, 108 S.Ct. 1340. "[S]tate action affecting property must generally be accompanied by notification of that action[.]"

*Id.* at 484, 108 S.Ct. at 1344 (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Probate of an estate is state action for purposes of the Fourteenth Amendment Due Process Clause. *Tulsa Professional Collection Services, Inc.,* 485 U.S. at 487, 108 S.Ct. at 1345–46. A statute which bars untimely-filed claims affects property. *Id.* at 488, 108 S.Ct. at 1346. Thus, a creditor must be given notice by mail or other means to ensure actual notice. *Id.* at 489–91, 108 S.Ct. at 1346–48.

Wyoming has recognized the need for notice articulated in *Tulsa Professional Collection Services, Inc.* The legislature has amended the Probate Code to provide for the type of notice *Tulsa Professional Collection Services, Inc.* requires. W.S. 2–7–205 and 2–7–703 (Supp.1991). We have held that *Tulsa Professional Collection Services, Inc.* does not apply retroactively to probate proceedings rendered final before that case was decided on April 19, 1988. *Hanesworth v. Johnke,* 783 P.2d 173, 177 (Wyo.1989). A probate proceeding becomes final when the court issues the decree of distribution. *Id.* at 177–78. However, the probate of West's estate was not yet final as of April 19, 1988. Our concern in *Hanesworth* was that retroactive application would disturb many long-settled property rights. Since the rights arising out of the probate of decedent's estate in this case were still unsettled at the time *Tulsa Professional Collection Services, Inc.* was decided, our fears in *Hanesworth* would not arise here. Thus, if the Worker's Compensation Division did not receive "actual notice" within the meaning of *Tulsa Professional Collection Services, Inc.* and *Mullane,* then termination of its claim would violate due process, and failure to file in a timely manner would not foreclose the Division's claim.

Even if the Division received proper notice, it may still have recourse. Statutes providing that creditors timely file claims against a decedent's estate or be forever barred do not invalidate debts which are otherwise valid and subsisting. *Estate of Peterson,* 296 P.2d at 505. Such statutes merely bar the collection or payment of the debt from assets subject to the probate estate. *Id.* A claim which has been forever barred for failure to timely file may be required to be paid out of other assets not within the decedent's estate, such as out-of-state assets. *Id.* Thus, the Division may still recover the death benefits paid to decedent's family if decedent had assets outside of Wyoming, and the policy against double recovery may still be effectuated. However, the Division must look elsewhere than to the judgment for wrongful death.