PETE LIEN & SONS, INC., d/b/a Dakota Block Company, Appellant (Plaintiff),

v.

ELLSWORTH PECK CONSTRUCTION CO.; and United States Fidelity and Guaranty Co., Appellees (Defendants).

No. 94–203.

Supreme Court of Wyoming.

June 9, 1995.

Michael Patchen, Gillette, and Craig D. Grotenhouse, Rapid City, SD, for appellant.

Wayne R. Wilson of Wilson Law Office, Hulett, for appellees.

Before GOLDEN, C.J., and THOMAS and LEHMAN, JJ., and STEBNER and BRACKLEY, District Judges.

LEHMAN, Justice.

Appellant, Pete Lien & Sons, Inc., d/b/a/ Dakota Block Company, (Lien) appeals the

district court's grant of summary judgment in favor of appellee Ellsworth Peck Construction Company (Peck) and United States Fidelity and Guaranty Company (U.S.F. & G.). Lien claims it is entitled to payment under a labor and materials bond from Peck, as principal, and U.S.F. & G., as surety, for construction materials Lien supplied. The district court found the question one of contract interpretation and granted summary judgment in favor of Peck and U.S.F. & G.

We affirm.

Lien raises two issues:

I.   Can a surety who secretly provides a labor and material payment bond unknown to material suppliers, but benefitting material suppliers, which by its written terms provides for a 90 day dual notice provision as a precondition to litigation, but also by its own terms specifically incorporates Wyoming law and amends the period of limitation in which to commence litigation to conform to Wyoming law, circumvent the statutory minimum period of limitation by requiring compliance with the more stringent 90 day dual notice precondition thus extinguishing the claim of a material supplier?

II.   Are the due process requirements of the Fourteenth Amendment to the United States Constitution and Article 1 Section 6 of the Wyoming Constitution triggered in a private contractual relationship between a state chartered surety company and a state chartered general contractor under a labor and material payment bond posted by the surety thus requiring actual or personal notice to be given to known claimants under the bond before a claim against the bond is extinguished?

Peck and U.S.F. & G. phrase the issues as follows:

I.   Did the trial court err in its interpretation of the plain and clear language of the labor and material payment bond?

II.   Are the constitutional issues of due process raised by appellant in its brief properly presented before this court and preserved for appeal since appellant did not present these issues or present argument on them at the time of trial?

III.   Has appellant, a third party beneficiary, been deprived of any constitutional due process rights?

## FACTS

Peck was in charge of constructing a K-Mart in Gillette, Wyoming, subcontracting the masonry work to Intermountain Contracting and Development Inc. (Intermountain). Intermountain purchased concrete block from Lien in the amount of $54,024.70, charged to an open account, with the last invoice from Lien to Intermountain being sent on June 19, 1992. Lien attempted unsuccessfully to secure payment from Intermountain.

A year later, in June 1993, Lien learned that Peck had furnished a labor and materials bond to the owner of the K-Mart. Lien received a copy of the bond with a letter dated August 31, 1993. Lien then filed a complaint against Intermountain, Peck and U.S.F. & G. on October 28, 1993, alleging that Intermountain had failed or refused to pay Lien for the concrete block used in the K-Mart job. Lien also claimed that Peck, as principal, and U.S.F. & G., as surety, are bound to Lien for payment of materials used in the project. Lien obtained a default judgment against Intermountain which remains unsatisfied.

In granting summary judgment in favor of Peck and U.S.F. & G., the district court found the question one of contract interpretation and concluded that Lien had failed to make a claim in compliance with the terms of the bond. Lien timely appeals.

## DISCUSSION

■ Summary judgment is appropriate when no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. *Union Pacific Resources Co. v. Texaco, Inc.*, 882 P.2d 212, 218 (Wyo.1994); W.R.C.P. 56(c). The interpretation of an unambiguous contract presents a question of law. *Id.*, at 219. This court gives no special deference to the district court's decisions on matters of law. *Id.* The material facts in this case are not disputed, thus the question is whether Peck was

entitled to summary judgment as a matter of law.

Lien contends the district court incorrectly interpreted the bond, arguing that the bond must be construed in its entirety, giving effect to all the various parts. Specifically, Lien argues paragraph 3(b) of the bond amends paragraph 3(a). The pertinent parts of the bond are as follows:

(3) No suit or action shall be commenced hereunder by any claimant,

(a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials * * *.

(b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

(c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

Relying on paragraph 3(b), Lien claims W.S. 38–1–101 (1977) amends paragraph 3(a) so that the words "a reasonable time" lengthen the 90–day provision. Section 38–1–101 states:

A person bound as surety in a written instrument for the payment of money, or other valuable thing, may, if right of action accrues thereon, require his creditor by a notice in writing, to commence an action on such instrument forthwith, against the principal debtor; and unless the creditor commences such action within a reasonable time thereafter, * * * shall thereby forfeit

the right which he would otherwise have * * *.

Lien claims it did act within a "reasonable time," having discovered the bond's existence in June 1993, receiving a copy August 31, and initiating suit in October 1993.

■ If an agreement is in writing, and its language is clear and unambiguous, the parties' intention is to be secured from the words of the agreement. *Moncrief v. Louisiana Land & Exploration Co.*, 861 P.2d 516, 524 (Wyo.1993); *True Oil Co. v. Sinclair Oil Corp.*, 771 P.2d 781, 790 (Wyo.1989). When the meaning of a contract is unambiguous, the plain meaning of the terms is used. *Union Pacific*, 882 P.2d at 220; *Prudential Preferred Properties v. J & J Ventures, Inc.*, 859 P.2d 1267, 1271 (Wyo.1993).

■ Wyoming contract law presumes parties enter into agreements in light of existing principles of law. *Union Pacific*, 882 P.2d at 222; *Black & Yates, Inc. v. Negros–Philippine Lumber Co.*, 32 Wyo. 248, 258, 231 P. 398, 401 (1924). "[E]xisting principles of law enter into and become a part of a contract as though referenced and incorporated into the terms of the agreement." *Union Pacific*, 882 P.2d at 222; *Century Ready Mix Co. v. Lower & Co.*, 770 P.2d 692, 696 (Wyo.1989). In this case, we do not presumptively incorporate Wyoming law into the bond because paragraph 3(b) expressly incorporates it. We must determine, therefore, whether there is any law which would entitle Lien to recover.

■ We fail to see how W.S. 38–1–101 amends the bond. Section 38–1–101 provides that a surety *may* require a debtor to give written notice. It goes on to say that unless a creditor commences an action within a reasonable time thereafter he forfeits his rights under the bond. We find the bond's 90–day notice provision reasonable.

Lien also argues a violation of its due process rights resulting from Peck and/or U.S.F. & G.'s failure to notify it of the existence of the bond. The district court found no Wyoming law or provision in the contract that made notice of the bond necessary.

A plaintiff must show state action to activate Wyoming's due process clause. *Hatfield v. Rochelle Coal Co.*, 813 P.2d 1308, 1310 (Wyo.1991). Lien raises several grounds for state action, arguing that: U.S.F. & G. and Peck must be authorized to conduct business in Wyoming; W.S. 38–1–101 shows the State of Wyoming has a policy interest to ensure a forum for creditors; Wyoming courts actively participate in this type of litigation; U.S.F. & G. and Peck enjoy the limited liability aspects of corporations; and construction projects such as this involve necessity of zoning compliances, building permits, etc.

In *Hanesworth v. Johnke*, 783 P.2d 173, 176 (Wyo.1989), we held the district court's involvement in extinguishing creditors' claims in probate proceedings were sufficient to invoke state action. The court relied on the United States Supreme Court's holding in *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) that substantial involvement of the probate court in the probate procedure constituted state action. *Hanesworth*, 783 P.2d at 175. In *Hanesworth* and *Tulsa Professional Collection Serv.*, the state court was substantially involved with probate proceedings because

(1) the non-claim statute became operative after probate proceedings had been commenced in state court; (2) the time bar could be triggered only after a court had appointed an executor or executrix; (3) the statute directed the executor or executrix to publish notice immediately after court appointment; and (4) the statute required the executor or executrix to file copies of the notice and an affidavit of publication with the court.

*Hanesworth*, 783 P.2d at 175. We did not give express parameters of due process claims in *Hanesworth*. *Hatfield*, 813 P.2d at 1310.

We are not convinced this type of action involves the requisite state action to invoke the federal or Wyoming due process clause. Wyoming courts' participation in this type of litigation does not mean they are "substantially involved" in the process. A business incorporated in Wyoming or subject to Wyoming's business regulations does not lose its private nature simply because it is subject to some regulation by the state or by turning to the courts to enforce its legal rights. *See Parker v. Atlanta Gas Light Co.*, 818 F.Supp. 345, 347 (S.D.Ga.1993); *Liberty Mortgage Banking, Ltd. v. Federal Home Loan Mortgage Corp.*, 822 F.Supp. 956, 959 (E.D.N.Y.1993). No state action exists.

## CONCLUSION

Lien is not entitled to payment under the bond because it did not comply with the 90–day notice provision. Peck and U.S.F. & G's failure to give notice of the bond does not constitute a due process violation. Summary judgment is affirmed.